Jones v. Maxton.

---

## James G. Jones et al. v. Robert W. Maxton, use of D. & M. Stone Co.

1. TRIALS BY THE COURT—*Without a Jury—Questions of Fact.*— The same consideration is due to the finding of the court in a trial without a jury, upon a question of fact, as to the verdict of a jury, and that finding will not be set aside unless manifestly against the weight of the evidence.

2. PRACTICE—*Suits for the Use of Another.*—It is no concern of the defendant, for whose use the action is brought, and it is not necessary, that the one for whose use a suit may be brought should have any interest or connection, otherwise, with the subject of the suit.

Assumpsit, for goods, wares and merchandise sold and delivered. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed February 21, 1902.

**Statement.**—R. W. Maxton, for the use of the Dakota & Minnesota (known as the D. & M.) Stone Company, brought suit to recover the price of stone, furnished the appellants under a contract.

November 15, 1891, the D. & M. Stone Company requested Jones and Stoddard, appellants, to guarantee the payment of its contract with Maxton, regarding this stone. Jones & Stoddard, November 7th, wrote to the D. & M. Stone Co., "that if it would render a bill to Jones & Stoddard for this stone they (the appellants) would see that the same was paid."

November 11th the D. & M. Stone Company, as above requested, furnished the required bill for stone, amounting to $1,450.

Afterward, Maxton applied to Jones & Stoddard for money, and on March 26, 1892, Jones & Stoddard wrote as to the facts, and said:·

" Now, you see by this that we are committed, and we will have to require from the D. & M. Stone Co. a release of their claim. As soon as you can show us such a release or a receipt, we will make a payment."

KERR & BARR, attorneys for appellants.

MEEK, MEEK, COCHRANE & MUNSELL, attorneys for appellee.

· MR. JUSTICE WATERMAN delivered the opinion of the court.

The obligation of appellants to pay $1,450, either to appellee or the D. & M. Stone Company, was, before suit, a number of times admitted by appellants, and upon the trial does not seem to have been seriously disputed, save by a claim, by way of recoupment and set-off, for damages then claimed, because, as they then insisted, the store was not furnished as soon as, under the contract, it should have been.

There was no pleading under which such damages could have been recovered as a set-off; they were, however, a proper subject for recoupment.

The claim for such allowance seems to have been an afterthought, as before suit appellants had, so far as appears,

Jones v. Maxton.

made no such claim, but had insisted only that they knew not whom to pay.

The pleadings of appellee were sufficient to warrant the admission of the evidence received and the recovery had. All that was alleged in the declaration as to the party for whose use the suit was brought, while immaterial and unnecessary, did not vitiate the pleading.

Appellants might, perhaps, under the testimony of Maxton that the contract was either in writing or it was a written acceptance of a written proposition, have required the writing or writings to be produced, or the loss of the same shown, before secondary evidence of their or its contents could be given; but they made no such objection, probably because neither the existence of such contract nor its contents was actually in dispute.

The letter of appellants to appellee, dated March 16, 1892, was admissible as evidence of their indebtedness.

The D. & M. Stone Co. prosecuted this suit in the name of Maxton, who furnished the store to appellants, and Mr. Maxton upon the trial disclaimed any right to receive the $1,450. Counsel for the D. & M. Stone Co. not only brought and prosecuted the suit for its use and benefit, but testified on the trial in the plaintiff's behalf, as to his previous endeavors to collect the claim from appellants for it.

The record is ample to conclude the D. & M. Stone Co. as to any suit for this $1,450 it might bring against appellants.

The trial and findings were by the court, jury being waived.

No written propositions of law were submitted to be held and no exception can be taken to its conclusion.

Upon a contract for $2,200, appellants appear to have paid $1,184.50, and to have had a judgment rendered against them of $1,017.50, total $2,212—an allowance of $12 for interest on a claim apparently due over nine years ago.

The judgment of the Circuit Court is affirmed.