# Continental Casualty Company v. John B. Maxwell, Administrator.

1. FRATERNAL BENEFIT SOCIETY—*sick benefits may be recovered by administrator after death of member.* In addition to the death claim, which can only be recovered by the beneficiary, the administrator of a deceased member may recover sick benefits which became due such beneficiary in his lifetime.

2. VARIANCE—*when objection of, comes too late.* An objection of variance cannot be first raised on appeal.

3. WITNESS—*when interest does not disqualify.* A party in interest is competent to testify in favor of the estate represented by the adverse party litigant.

4. PLAINTIFF'S TITLE—*defendant cannot attack.* It is no concern of the defendant in an assumpsit suit whether he has or has not assigned his interest in the claim in controversy.

5. BILL OF EXCEPTIONS—*when does not purport to contain all the evidence.* The absence of the certificate of the judge that the bill of exceptions contains all the evidence is not supplied by the certificate to that effect signed by the official reporter who furnished the transcript.

Action of assumpsit. Appeal from the Circuit Court of Wabash County; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the August term, 1905. Affirmed. Opinion filed March 22, 1906.

MANTON MAVERICK and MUNDY & PHIPPS, for appellant.

GREEN & RISLEY and P. J. KOLB, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in assumpsit, in the Circuit Court of Wabash County, by appellee against appellant, to recover "an illness indemnity" which had accrued to appellee's intestate, during his lifetime, under an insurance policy issued by appellant to said intestate. Trial by jury. Verdict and judgment in favor of appellee for $204.

On the 4th day of August, 1903, appellant issued its policy to Marshall Sargent, whereby in consideration of his "payment of the policy fee and the premium of $1.25, on or before the first day of each and every month thereafter," it promised to pay him certain specified sums in case he should suffer certain specified injuries by reason of certain specified accidental causes, and it promised to pay his wife, Mary C. Sargent, a specified "death indemnity," in case he should die within a specified time, "through external, violent and purely accidental causes," and it also promised to pay him "an illness indemnity," in case he should become ill. This clause in the policy is as follows:

"Three. An Illness Indemnity of Thirty Dollars per month, or at that rate for any proportionate part of a month for the time, after the first week, the insured is necessarily and continuously confined strictly in the house, and being regularly visited by a legally qualified physician, by

reason of acute illness that is contracted and begins after this policy has been in full force and effect, without delinquency, for thirty consecutive days immediately preceding the commencement of such illness; and a partial indemnity at one-fifth of said monthly rate for such time as he shall immediately thereafter, by reason of illness, be wholly and continuously disabled and prevented from attending to or performing any and all kinds of business, though not necessarily confined in the house, while under the care of a legally qualified physician; provided that the total length of time for which the indemnity shall be paid, for any one continuous illness, shall not exceed eight consecutive months. Disability resulting from sunstrokes, freezing, carbuncles, boils, felons, abscess and ulcers is classified as illness and covered only under paragraph numbered three hereof.

"THE INDEMNITIES HEREIN PROVIDED SHALL BE INCREASED TEN PER CENT. ON ANY CLAIM ACCRUING after the policy shall have been in continuous force, without default, for not less than one year immediately preceding; or, any claim accruing hereunder if the premiums hereon have been paid annually in advance."

The declaration upon which the case was tried consists of one count, based upon the above quoted clause of the policy, to which appellants pleaded the general issue only.

"Marshall Sargent, the insured, was taken sick during the month of January, 1904, and continued to suffer from Bright's disease until October 19, 1904, when he died, leaving him surviving Mary C. Sargent, his wife", and appellee, John B. Maxwell, was duly appointed administrator of his estate, and duly qualified as such.

Counsel's first contention is that no action will lie on the policy declared on, at the suit of the administrator, and in support of this contention say: Appellant "has in no way obligated itself in the event of death of the assured, Marshall Sargent, to pay anyone but Mary C. Sargent, his wife." That is true as to the "death indemnity", but this is not a suit to recover the specified death indemnity. This is a suit by the administrator of the estate of Marshall Sargent, to recover an indebtedness that accrued to him during his lifetime.

Counsel insist that there is a variance between the pol-

icy put in evidence and the declaration, in this, that in one of the averments of the declaration concerning the provisions of the policy the word "*should*" is used, while in the policy the word "*shall*," and, therefore, the judgment should be reversed.

Under the state of this record the variance is wholly immaterial, and, if it were material, appellant is estopped from raising it here. The question of variance cannot be raised for the first time in a court of review. "A party who fails to object to evidence when offered, on the ground of variance, waives the objection." Swift & Co. v. Rutkowski, 182 Ill. 18. "A defendant desiring to take advantage of a variance between the declaration and the evidence should object to the evidence upon that ground when it is offered at the trial, to enable the plaintiff to amend, and, if this course is not pursued, the objection to the evidence is waived." Swift & Co. v. Madden, 165 Ill. 41.

Appellee, Maxwell, was a competent witness to testify in favor of the estate. Section 2 of chapter 51 does not disqualify witnesses from testifying in favor of the estate of a deceased person. The disqualification is as to those who would testify against the estate. It is wholly immaterial either with respect to Maxwell's right to testify, or his right, as administrator, to bring and maintain the suit, whether he was interested in the result of the suit or whether the policy had or had not been assigned to him. An interested party may testify in favor of the estate of a deceased person, and no such pledge or assignment of the policy, as is claimed here, could pass the legal title. In such case the suit must be by and in the name of the personal representative, where the party in whom the legal title rests is dead. A party entitled to sue need not, as far as the party sued is concerned, name any usee, although another may have an equitable interest or be the equitable owner of the chose in action. Where the legal title or right stands in the plaintiff, a defendant will not be heard to say that the equitable title is not in the plaintiff, or that it is in another. That

is no concern of his.   Schiff v. Supreme Lodge, 64 Ill. App. 341; Jones v. Maxton, 100 Ill. App. 201.

Some other questions are raised on this appeal that are dependent wholly on the evidence.   These we cannot discuss, for the bill of exceptions does not disclose that it contains all the evidence.   In such case the presumption is that there was before the jury and the trial court sufficient competent evidence to fully sustain the verdict and judgment.   The bill of exceptions does not state that it contains all the evidence, nor does the trial judge so certify. The presumption in such case is that it does not.

There is bound in with the record the following writing:

"I, Rene Havill, Official Reporter in and for the County of Wabash and State of Illinois, certify that the above and foregoing is a true and correct copy of all the evidence, both oral and documentary, heard on the trial of the aforesaid cause, taken from my stenographic shorthand notes.

In Witness Whereof, I have hereunto set my hand this 22nd day of July, A. D. 1905, at Mt. Carmel, Illinois.

<div align="right">

RENE HAVILL,

Official Reporter."

</div>

This does not meet the requirements of the law.   A reporter's certificate has no place in a bill of exceptions.   It must be stated in a bill of exceptions that it contains all the evidence, or it must be so stated in the judge's certificate.   As we said in Pointon v. The St. Louis, A. & T. H. R. R. Co., 90 Ill. App. 623: "A bill of exceptions which fails to state that it contains all the evidence in the case is not aided by the statement of the reporter.   The making of a bill of exceptions is a judicial act and cannot be delegated."

We do not deem it out of place, however, to note that, without presuming anything for omitted evidence, there is sufficient disclosed in the record to amply support the verdict.

The judgment of the Circuit Court is affirmed.

<div align="right">

*Affirmed.*