A. L. HAMILTON *et al.* Defendants in Error, *vs.* BENJAMIN DARLEY, Admr., Plaintiff in Error.

*Opinion filed February 17, 1915.*

1. BENEFIT SOCIETIES—*the term "legal representatives" means "administrators or executors."* The term "legal representatives," when used in a benefit certificate, must be given its ordinary meaning of "administrators or executors," in the absence of anything in the context to indicate an intention to denote heirs or next of kin.

2. SAME—*when an insurance contract is an Illinois contract.* An insurance contract between a citizen of Illinois and a foreign mutual assessment company is an Illinois contract where the insurance was applied for, the certificate was delivered and the premiums were paid in Illinois, and in such case a statute of the State where the company was organized, exempting from claims of a member's creditors insurance funds payable to the member's legal representatives, does not apply.

3. SAME—*section 25 of the Assessment Companies act of 1893 does not exempt insurance money from the claims of creditors.* Section 25 of the act of 1893, concerning assessment companies, (Hurd's Stat. 1913, p. 1455,) was intended to exempt assessment companies from legal process by creditors of the insured or the beneficiary, but was not intended to exempt the insurance money, after it is paid over to the legal representatives of the insured, from the claims of his creditors.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Morgan county; the Hon. J. J. COOKE, Judge, presiding.

ED. D. HENRY, for plaintiff in error.

WILLIAM N. HAIRGROVE, and KIRBY & WILSON, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This case comes to this court from the Appellate Court for the Third District by writ of *certiorari.* The question involved is the ownership or distribution of $2000 arising out of a life insurance contract. In August, 1907, William

Darley applied for and received a policy of insurance upon his life in the Merchant's Life Association of Burlington, Iowa, a mutual assessment company. The wife of Darley was named as beneficiary in the certificate but died before the death of the insured, and he thereafter caused his mother to be designated as beneficiary in the policy. The mother also died before the insured and no other beneficiary was designated by the insured before his death. He left surviving him two minor children as his only heirs, for whom a guardian was appointed after their father's death. Darley was insolvent. His father was appointed administrator of his estate and collected and receipted the insurance company for the amount of the policy, $2000. A number of creditors of William Darley filed claims against his estate. Among them, A. L. Hamilton filed a claim for over $4000 and Mary J. Caldwell a claim for $150.90. These claims were allowed as of the seventh class. The administrator filed his report in the county court showing he had received the $2000 on the insurance policy and that the estate had no other funds. The report of the administrator represented that the $2000 collected on the life insurance policy did not belong to the estate of William Darley but belonged to the children of the deceased, Winifred and Carl B. Darley. The administrator asked the county court to enter an order authorizing and directing him to pay said $2000 to the guardian of the children of William Darley and to discharge him as administrator. Due notice of the filing of the report and a hearing thereon was given to the creditors and all interested parties. A. L. Hamilton and Mary J. Caldwell appeared at the hearing and filed objections to the report, in which they denied the $2000 belonged to the children of William Darley and claimed that it was assets of the estate and required to be inventoried and distributed as such by the administrator. The court heard the objections and entered an order sustaining them and directing the administrator to inventory the $2000 as assets

of the estate of William Darley and pay the same out on claims allowed against the estate, according to their class, as provided by statute. On appeal by the administrator to the circuit court the judgment and order of the county court were sustained, and on further appeal by the administrator to the Appellate Court for the Third District the judgment of the circuit court was affirmed.

The Merchant's Life Association of Burlington, Iowa, is a mutual assessment company organized under the laws of the State of Iowa and licensed to do business in this State. William Darley resided in Morgan county, Illinois, at the time he applied for and the policy was issued to him, and he continued to reside in this State until his death. Section 1789 of the Iowa code authorizes the designation in the certificate or policy as beneficiaries, "the husband, wife, relative, legal representative, heir, creditor or legatee of the insured member." Article 15 of the charter of the Merchant's Life Association authorizes the designation as beneficiaries, "the husband, wife, relative, legal representative, heir or legatee of such insured member." The policy issued to Darley contained the following provision: "In the event of the death of the beneficiary prior to that of the member, or in case none is named, the benefit then to be payable to the legal representatives of the deceased member." As we have above stated, the beneficiaries designated died prior to the death of the insured, and the determination of where the fund should go depends upon what construction should be given to the term, "legal representatives of the deceased member."

The plaintiff in error insists the term "legal representatives," as used in the contract, means heirs or next of kin. In *Johnson* v. *VanEpps,* 110 Ill. 551, the court, in construing the term "legal representatives" in a policy issued to H. B. Johnson by the Illinois Masons Benevolent Society, which was made payable to the insured's wife "or the legal representatives of the said H. B. Johnson," said: "The

doctrine seems to be well recognized that the words 'legal representatives,' when used to indicate those entitled by law to a decedent's personal estate, as was the case here, uniformly mean, where there is nothing in the context or surrounding circumstances to indicate a contrary intention, executors and administrators." The court held that there was nothing in the policy or certificate or the surrounding circumstances to indicate that the expression "legal representatives" was used out of its ordinary and appropriate sense or was intended to mean anything other than executors and administrators.

In *People* v. *Phelps,* 78 Ill. 147, the proceeds of a life insurance policy made payable to the insured's "legal representatives" were collected by the administrator. The widow and heirs claimed the fund and the creditors claimed it as assets of the estate. The court said: "What construction shall be given to the phrase 'legal representatives' depends upon the intention of the party using it. (*Warnecke* v. *Lembca,* 71 Ill. 91.) It was competent, under our law, for the intestate to have made the policy payable to his widow or to his heirs, to the exclusion of his creditors; but this he did not do. He chose to make it payable to his 'legal representatives,' and, in this instance, the legal representative of the intestate is his administratrix. Had it been the intention the proceeds of the policy should go to the widow or heirs, to the exclusion of creditors, apt words, no doubt, would have been used to express that purpose. But no such intention is manifested. The term employed, 'legal representatives,' must be understood in its ordinary meaning, which is, administrators or executors, and cannot, by construction in this case, be held to include the widow and heirs, to the exclusion of the administratrix."

In *Hunt* v. *Remsburg,* 32 L. R. A. (N. S.) 246, the Supreme Court of Kansas had the precise question before it that is here involved. In that case the policy was issued by the same company, the Merchant's Life Association of

266 – 35

Burlington, Iowa. The insured's wife was named in the policy as beneficiary. She died before her husband's death and no other beneficiary was named after her death. The insured left three minor children surviving him as his only heirs. The amount of the policy was paid by the company to the administrator, who paid out the greater part of it, under the direction of the probate court, to creditors of the estate. Suit was brought for the benefit of the children on the administrator's bond, based on the claim that they were entitled to the proceeds of the policy and that the administrator had wrongfully and unlawfully paid it out to creditors of the estate. The court construed the term "legal representatives," as used in the policy, which is in the exact language of the policy in this case, to mean not children or heirs but administrators or executors.

We find nothing in the language of the policy or surrounding circumstances that would authorize the construction that the term "legal representatives" was used out of its ordinary sense.

Plaintiff in error contends that even if the policy was properly payable to the legal representatives of the insured, the fund is not subject to his debts. This contention is based upon the proposition that the contract is an Iowa contract, and the Iowa code exempts the insurance fund, payable to the legal representatives, from being reached by a creditor of the insured. This contention is without force if the contract of insurance was an Illinois contract. It is apparent the laws of Iowa have no effect except upon contracts made within that State. That this is an Illinois contract, to be governed in its interpretation by the laws of this State, we think well settled by authority. (*Wilde* v. *Wilde,* [Mass.] 95 N. E. Rep. 295; *Northwestern Mutual Life Ins. Co.* v. *McCue,* 223 U. S. 234, and cases there cited.) In the case at bar the insurance was applied for, the policy delivered and the premiums paid in Illinois. The insured and beneficiaries named resided in, and the com-

pany was authorized to do business in, this State, which brings the case clearly within the rule announced in the cases above cited.

Plaintiff in error further insists that under section 25 of the act of 1893, concerning assessment companies, (Hurd's Stat. 1913, p. 1455,) the money arising from the policy is exempt from the claims of creditors of the estate. That section is, in substance, that "the money or benefit provided or rendered by any corporation authorized to do business under this act" shall not be liable to attachment by garnishee or other process or be taken, appropriated or applied by any legal process or by operation of law to pay any debt of the certificate holder or beneficiary named therein. Section 9 of the act of 1893, concerning fraternal beneficiary societies, (Hurd's Stat. 1913, p. 1461,) which is very similar to section 25 of the Assessment Companies act, was before this court for construction in *Martin* v. *Martin,* 187 Ill. 200. In that case the money arising from the policy or certificate was collected by an agent of the beneficiary and was sought to be reached by a creditor of the beneficiary by garnishment proceedings against the agent. It was claimed by the garnishee and the beneficiary that under section 9 of the Fraternal Societies act the money was exempt in the hands of the agent. Section 9 provides that the money or other benefit "to be paid, provided or rendered by any society authorized to do business under this act" shall not be liable to attachment, etc., the remainder of the section being substantially the language of section 25 of the Assessment Companies act. The court construed section 9 to have been enacted for the purpose of protecting the association from legal process by creditors of members of the association and their beneficiaries, and not for the exemption of the money after it had been paid to the beneficiary by the association. We are unable to see any valid distinction between section 25 of the Assessment Companies act and section 9 of the Fraternal Societies act. If sec-

tion 9 of the latter act was passed for the purpose of exempting the society from legal process by the creditors of the member or the beneficiary and not for the purpose of exempting the money, we think the same construction must be placed upon section 25 of the Assessment Companies act.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*