## W. F. Welsh, Appellant, v. Bruce Sewing Machine Company, Appellee.

CORPORATIONS—*when purchaser from corporation cannot plead ultra vires.* The purchaser of an automobile from a corporation, having received the benefit of the contract of sale which was fully performed by delivering the automobile to him, cannot be heard to object that the contract is an ultra vires one, the making of which was not within the legitimate powers of the corporation, and a demurrer to such a plea is properly sustained.

Appeal from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the April term, 1921. Affirmed. Opinion filed October 25, 1921. *Certiorari* denied by Supreme Court (making opinion final).

TEMPLEMAN & TEMPLEMAN, for appellant.

ALONZO HOFF, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case, W. F. Welsh, the appellant, commenced a suit in replevin in the circuit court of Sangamon county against the Bruce Sewing Machine Company for the recovery of an Oldsmobile car, alleging in his declaration that the same had been wrongfully taken from him, and that the appellee was unjustly detaining the same. The appellee in defense filed four pleas, which denied the allegations in the several counts of the declaration of wrongful taking and detention. It also filed a special plea justifying the taking and detention of the automobile in question by alleging that it had a chattel mortgage lien; that the chattel mortgage under which it claimed its lien had been given by the appellant to secure the payment of a balance of $2,617 of the purchase price of the automobile, which was payable in instalments of $225 each; that the first

instalment had become due November 1, 1920, and appellant had made default thereon; and had also made default in the payment of another instalment, which had become due December 1, 1920; that the appellee, because of these defaults in payment, had felt unsafe and insecure, and therefore under the provisions of the chattel mortgage took possession of the automobile in question, and was holding the same for the purpose of foreclosing its lien on the same. The appellant filed a replication to this special plea, to which the court sustained a demurrer; and thereupon by leave of the court he filed an amended replication, which alleges that the sale of the automobile in question by the appellee to the appellant was ultra vires, because the appellee was organized as a domestic corporation under the laws of Illinois for the purpose and object of selling sewing machines at wholesale and retail; and under its charter could not therefore legally engage in the business of selling automobiles; and that the appellee by and through its employees sold and traded the automobile in question for $500 and 10 acres of land, taking title to said land in its name; also taking the note and mortgage referred to in its name for the balance of the price of the automobile. The plea also alleges that the sale and trade in question was one of many which the appellee was engaged in as a business; and that these sales and trades were not in any way connected with its chartered business, namely, the sale of sewing machines; and that therefore in the sale and trade and in the taking of the notes and mortgage referred to, the appellee had exceeded its chartered rights and power. The appellee filed a demurrer to the amended replication, and the demurrer was sustained; the appellant stood by his replication, and the court rendered judgment upon the special plea, sustaining the appellee's lien, and ordering a return of the property to the appellee. From this judgment an appeal is prosecuted.

It appears from the averments in the special plea and in the replication to which the demurrer was sustained that the chattel mortgage in question, under which the appellee claims its lien, was executed and delivered by the appellant to secure the payment of a part of the purchase money of an automobile, which the appellant had purchased from the appellee, and which he had received from the appellee, by virtue of the contract of sale referred to. Having thus received the benefit of this contract of sale, which was fully performed by the appellee by delivering the automobile to the appellant, he cannot be heard to object that the contract is an ultra vires contract, the making of which was not within the legitimate powers of the corporation. *Kadish v. Garden City Equitable Loan & Bldg. Ass'n,* 151 Ill. 531. The same principle is held in *Bloomington Mut. Ben. Ass'n v. Blue,* 120 Ill. 128; *Darst v. Gale,* 83 Ill. 136; *Bradley v. Ballard,* 55 Ill. 415; and see also *Whitney Arms Co. v. Barlow,* 63 N. Y. 62; and 2 Morawetz on Corporations 689.

"All the decisions on this question naturally rest upon the rule that where a party has accepted and made his own the benefit of a contract, he has estopped himself from denying in the court the validity of the instrument by which these benefits came to him." Parsons on Contracts, vol. 2, p. 790; *Kadish v. Garden City Equitable Loan & Bldg. Ass'n, supra; McNulta v. Corn Belt Bank,* 164 Ill. 427; *Eckman v. Chicago, B. & Q. R. Co.,* 169 Ill. 312. It was also held in *Rector v. Hartford Deposit Co.,* 190 Ill. 380, that where the act complained of "is one which at most is but a mere abuse or excessive use of a general power conferred upon the corporation by its charter such plea cannot be successfully interposed because the question of ultra vires can in such cases be raised only in a direct proceeding by the State to oust the corporation of its usurped powers." Applying the principles enunciated in the foregoing cases to the present case, it seems

clear that the circuit court did not err in sustaining the demurrer to the replication, and the judgment rendered is affirmed.

*Affirmed.*