Will County National Bank of Joliet, Illinois, as Administrator of the Estate of Charles M. Gatliff, Deceased, Appellee, v. Champaign County Mutual Relief Association, Appellant.

Gen. No. 8,430.

Heard in this court
at the April term, 1930. Opinion filed October 29, 1930.

CAMPBELL & GRAHAM, for appellant.

BUSCH & HARRINGTON, for appellee; C. E. TATE, of counsel.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

An appeal is prosecuted in this case by the Champaign County Relief Association from the order of the circuit court of Champaign county overruling a demurrer to the declaration filed in the cause by the appellee, Will County National Bank as administrator of the estate of Charles M. Gatliff, deceased, and the rendition of a judgment in favor of the appellee for the sum of $1,000, the amount due under the benefit certificate which is the subject of the controversy. It is conceded that the declaration correctly states the facts upon which the appellee bases his legal right to recover on the benefit certificate which was issued by the appellant association to Olive Gatliff, the wife of the deceased certificate holder. The averments in the declaration are as follows:

For That Whereas, the said defendant, on to wit: the 24th day of August, A. D. 1920, at Champaign, Ill., in said County, made and executed a certain instrument in writing known as a benefit certificate, for One Thousand Dollars ($1,000), being certificate No. 212 issued on the life of Olive Gatliff, and payable at her death to Charles M. Gatliff, as beneficiary, that after-

wards on to wit: the 31st day of December A. D. 1927, the said defendant in lieu and in place of said certificate first above mentioned, did issue to the said Olive Gatliff, a certain other instrument in writing commonly called a certificate of membership, benefit certificate, or policy of life insurance, and afterwards on to wit: the 21st day of December A. D. 1927, at to wit: Champaign in said County, for a good, valuable and sufficient consideration to it paid by the said Olive Gatliff, of said County, did deliver the same to the said Olive Gatliff, and then and there, in and by the terms of said benefit certificate, certificate of insurance, or policy of life insurance, the said defendant did promise and agree to pay to the said Charles M. Gatliff, who was then and there the lawful husband of the said Olive Gatliff, upon the death of the said Olive Gatliff, the sum of One Thousand Dollars ($1,000), said sum being so payable by the defendant upon the terms and conditions set forth in said benefit certificate.

And the plaintiff avers that at the time of the execution and delivery to the said Olive Gatliff, of said benefit certificate, certificate of insurance, or policy of life insurance, on to wit: the 21st day of December A. D. 1927, the member named in said certificate aforesaid the said Olive Gatliff, was in a state of good health.

And the plaintiff avers that after the execution and delivery of said benefit certificate, as aforesaid, and on to wit: the fifth day of June, A. D. 1929, the said Olive Gatliff thereby insured, departed this life; that the said Charles M. Gatliff, the beneficiary named in said benefit certificate, departed this life at Joliet, Illinois, on the 14th day of June A. D. 1929; that the said Charles M. Gatliff, up to the time of his death, did not give the defendant herein notice of the death of the said Olive Gatliff; that shortly after the death of the said Charles M. Gatliff, the plaintiff herein, Will County National Bank of Joliet, Illinois, a corporation, was appointed administrator of the estate of

Charles M. Gatliff, deceased, by the probate court of Will County, Illinois, and that it is now the duly qualified and acting administrator of said estate; that the plaintiff herein, as such administrator on to wit; the 6th day of Sept., A. D. 1929, gave to the defendant herein, notice of the death of the said Olive Gatliff, and at the same time furnished and delivered to it, the said defendant, satisfactory proof of the death of the said Olive Gatliff, as aforesaid; and the plaintiff further avers that the said Olive Gatliff did, during her lifetime, keep, perform and comply with all the terms, provisions and conditions of said benefit certificate, certificate of insurance or policy of insurance, upon her part to be kept and performed, according to the terms thereof, and that the said Charles M. Gatliff, up to the date of his death, and the plaintiff, have at all times since, kept, performed, observed, and complied with all of the terms and conditions of said benefit certificate, certificate of insurance, or policy of life insurance, upon their part, by the terms thereof, to be kept and performed; By Means Whereof, the defendant then and there became liable to pay to the plaintiff the sum of One Thousand Dollars ($1,000) as in and by said benefit certificate, certificate of insurance, or policy of life insurance, it promised and agreed, together with interest thereon at the rate of five (5) per cent per annum from the date said notice and proof of death were furnished to the said defendant as aforesaid; and the plaintiff further avers that at the time of the death of the said Olive Gatliff, aforesaid, the defendant, then and there had and kept a guarantee or benefit fund out of which said sum of One Thousand Dollars ($1,000) then and there due and payable on account of the death of the said Olive Gatliff, could and should have been paid.

And, the plaintiff avers that notwithstanding such performance or performances by the said Olive Gatliff, Charles M. Gatliff, and the plaintiff, and although the

time for the payment of said sum of One Thousand Dollars ($1,000) in and by said benefit certificate, certificate of insurance, or policy of life insurance, promised and agreed to be paid, has long since elapsed, and the said sum has long since become and is now due and payable to the plaintiff, under and by the terms of said benefit certificate, certificate of insurance or policy of life insurance, and although often requested by the plaintiff to pay to it, the said sum provided therein, nevertheless the said defendant has hitherto wholly neglected and refused to pay the same, or any part thereof, to the damage of the plaintiff of the sum of One Thousand Dollars ($1,000) and therefore it brings suit, etc.

It is contended by the appellant that these averments of the declaration do not show a legal right to recover on the benefit certificate; and that there is no right of action in the appellee as administrator of the deceased Charles M. Gatliff.

The record discloses that the appellant association was incorporated as a mutual benefit association under the Act of the General Assembly for ''incorporation of mutual benefit associations on the assessment plan approved June 27, 1927.'' Cahill's St. ch. 73, ¶ 435(1) *et seq.;* Smith-Hurd Revised Statutes Ch. 73, p. 1651. And the contention is, that the benefit certificate of a mutual benefit association incorporated under the act referred to, can legally be made payable only to the class of persons therein named; and that the class of persons named by the statute, who may become beneficiaries are ''widows, orphans, heirs and devisees of deceased members''; that husbands are not mentioned in the act; and are not included in the term ''heirs'' as used in the statute; that therefore ''the Champaign County Mutual Relief Association, defendant company in the case had no legal power under the statute to make a certificate payable to Charles M. Gatliff, as

husband of Olive Gatliff''; and consequently that the issuance of the benefit certificate was ultra vires. Appellant insists that the word ''heirs'' as used in the Act should be construed in accordance with its original technical significance; and must be considered as having been used in the strict primary common law sense, there being nothing in the context of the beneficiary certificate to show that it was used in any other sense. *Gauch v. St. Louis Mut. Life Ins. Co.,* 88 Ill. 251. We are unable to agree with this contention. Moreover, the question involved does not pertain to the construction of the benefit certificate but to a construction of the Act of the General Assembly under which the appellant association was organized. To determine a proper construction of the Act in that respect or what the legislature had in mind in using the word ''heirs'' due consideration should be given to the purpose and apparent scope of the Act which includes benefits to be conferred not only on widows, orphans and heirs, but also on devisees of a deceased member. The purpose and scope of the benefits to be conferred by the Act does not appear to justify the assumption that the legislature intended to confine the benefits provided to ''heirs'' only that come within the narrow common law limits; that is to say, as meaning only the heirs by blood relationship; but it is more reasonable to conclude that the word was used in its broader sense, namely, to include all who would or could be capable of inheriting either by blood relationship as at common law, or by statute as it existed at the time of the passage of the Act. The word ''heirs'' in this sense would include the husband, who would be and could be an heir of the wife under the statute, at the time of the passage of the Act and capable of inheriting at least part of the wife's property, if she died without leaving any child or children or descendants surviving her, as was the case here. But even if the husband

could not be considered as an heir of his wife, it must be pointed out, that in this case the defense of ultra vires is not available to the appellant because it is well settled as a matter of law that a contract of this character, "where it had been fully performed by the party contracting with the corporation, and the corporation has received the benefits from such contract, it cannot invoke the doctrine of ultra vires to defeat an action brought against it on such contract." *Bloomington Mutual Benefit Association v. Blue,* 120 Ill. 121; *Bradley v. Ballard,* 55 Ill. 413; *Barnes v. Suddard,* 117 Ill. 237; *Kadish v. Garden City Equitable Loan & Building Ass'n,* 151 Ill. 531; *McNulta v. Corn Belt Bank,* 164 Ill. 427; *Eckman v. Chicago, Burlington & Quincy R. Co.,* 169 Ill. 312; *Peoria Life Ins. Co. v. International Life & Annuity Co.,* 246 Ill. App. 38; *Welsh v. Bruce Sewing Mach. Co.,* 223 Ill. App. 467; *Rector v. Hartford Deposit Co.,* 190 Ill. 380.

The appellant also contends that section 25 of the Act, Cahill's St. ch. 73, ¶ 435(25), providing for the incorporation of the appellant association, directs that "the money or benefit provided or rendered by any association authorized to do business under this Act, as provided in the certificate of membership thereof, shall not be liable to attachment by garnishee or other process, and shall not be seized, taken, appropriated or applied by any legal or equitable process, nor by any operation of law, to pay any debt or liability of a certificate holder or any beneficiary named therein"; and that therefore the benefit funds cannot legally be used to pay the debts of a deceased member; and cannot become a part of a deceased member's estate; and that the administrator of the estate for the same reason has no legal right to sue for and recover the same for an estate. It is clear however, that the provisions embodied in section 25 referred to were intended for the protection of the benefit funds from seizure by

attachment or garnishment or other legal or equitable process and their appropriation by operation of law while in the hands and under the control of the benefit association; and it is not apparent that this section has reference to what may be done with the funds after they become the funds of beneficiaries and the beneficiaries have received the same from the association. *Martin v. Martin,* 187 Ill. 200; *Hamilton v. Darley,* 188 Ill. 229 (confirmed in 266 Ill. 542).

The rights of the beneficiary named in a certificate of membership in a mutual benefit association become vested and attach immediately upon the death of a member and the right to the fund passes to his personal representative or next of kin. 45 Corpus Juris, p. 247, sec. 191. And it is well settled that the administrator of an estate is the proper person to bring suit in a case of this kind or to recover on any chose in action of a decedent. *Benes v. Bankers Life Ins. Co.,* 282 Ill. 236; *Forest City Ins. Co. v. Hardesty,* 182 Ill. 39; *Continental Casualty Co. v. Maxwell,* 127 Ill. App. 19. It may be said further concerning this contention that there is no presumption that the fund, when collected by the administrator as a part of the decedent's estate, will be applied upon debts or liabilities of the deceased benefit certificate holder, instead of being paid over to the heirs of the certificate holder; and it may be rightly assumed that if the administrator should attempt, contrary to the rights of the heirs to the fund, to make such application, the heirs could and would assert their title to the fund in the county or probate court where the estate of the deceased is pending.

For the reasons stated we conclude that the demurrer to the declaration was properly overruled; and the judgment is affirmed.

*Affirmed.*