## NEW YORK LIFE INS. CO. v. CHAPMAN.
### No. 12413.

Circuit Court of Appeals, Eighth Circuit.

Jan. 14, 1943.

Rehearing Denied March 4, 1943.

Orville Richardson, of St. Louis, Mo. (James C. Jones, Jr., and Jones, Hocker, Gladney & Grand, all of St. Louis, Mo., and F. H. Pease, of New York City, on the brief), for appellant.

Robert A. Roessel, of St. Louis, Mo. (Raymond M. Freed, of St. Louis, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is a civil suit brought by the New York Life Insurance Company to cancel a policy of life insurance on the life of Abel W. Chapman. Cancellation was demanded on the ground that the policy did "not go into force" under the terms of the contract because the insured had consulted and been treated by a physician between the time of the medical examination and the delivery of the policy. The defendant, Mae G. Chapman, is the beneficiary named in the policy. The insured having died before the commencement of the suit, she set up in her answer a counterclaim at law on the policy. The case was tried to a jury. At the close of the evidence, pursuant to a stipulation of the parties, the jury was discharged and both causes of action were submitted to and determined by the court. After filing findings of fact and conclusions of law an order was entered dismissing plaintiff's petition and rendering judgment for the defendant upon her counterclaim. The plaintiff appeals.

The essential facts are not in dispute. Chapman, the insured, was a traveling salesman residing at Belleville, Illinois, with his wife, the defendant-beneficiary. On February 17, 1940, he called upon William J. Cusick at the office of the New York Life Insurance Company in St. Louis, Missouri. While there Chapman signed an application for a policy of life insurance in the amount of $10,000, and was examined by a physician. In response to a question in the application Chapman answered that he had suffered a severe attack of indigestion in May, 1939, which had not recurred, and that he had been treated by Dr. W. H. Walton of Belleville, Illinois. The insurance company made inquiry of Dr. Walton and was informed that the insured had recovered from the attack.

Prior to the delivery of the policy Chapman became ill and about March 12, 1940, called upon Dr. Walton, his physician at Belleville, by whom he was directed to submit to an X-ray examination of his stomach and related organs. The examination required Chapman's presence at a hospital for the entire day of March 16, 1940. He was not advised of the nature of his ailment on that day, but was told to return for a further checkup on March 18th.

During the week of March 12, 1940, Cusick, the agent, telephoned to the Chapman residence and reported that he had the policy and desired to call for the purpose of delivering it. Mrs. Chapman informed him over the telephone that Mr. Chapman had been ill and suggested that the call be postponed. Cusick called at the insured's residence in Belleville, Illinois, on March 17, 1940, to deliver the policy. He was again informed that Chapman had been treated by Dr. Walton during the week; that he was to return for a further checkup on the next day; and that he hoped to return to his work on the 19th.

When Cusick called on March 17, 1940, he handed the policy to Chapman, who examined it and found it acceptable, except that by its terms the premium was payable annually. He therefore requested permission to pay the premium monthly. Cusick advised him that this could be done and informed him of the amount of monthly premium payments. Chapman gave Cusick a check for one monthly payment in the amount of $34.70, and Cusick gave Chapman a receipt for the policy in order that it might be returned to the company to be changed to provide for monthly payments of the premium and to be made effective as of March 17, 1940. The testimony on all these matters is undisputed. Cusick was was not called as a witness.

The receipt which Cusick gave Chapman on March 17, 1940, for the policy reads:

"March 17, 1940

"Received of A. W. Chapman policy #17558729 in order to change to monthly rate basis and redate policy as of today

"Wm. J. Cusick Agent
"New York Life Ins. Co."

The insurance company made these changes on March 20, 1940, and returned the policy by mail to the insured at Belleville, Illinois, where Chapman received it March 22 or 23, 1940. The identical material policy was not returned, but instead one bearing the same number and of the same character, except for the changes. Meanwhile when, pursuant to instructions, Chapman saw Dr. Walton on Monday, March 18, 1940, for a final checkup, the doctor informed him that he was afflicted with a duodenal ulcer and that he should follow a prescribed diet. He returned to work the following day. Thereafter he paid all the monthly premiums on the policy, ex-

cept the last, and death occurred within the grace period at Springfield, Missouri, on August 9, 1940.

A copy of the application signed by the insured at St. Louis on February 17, 1940, was attached to the policy. The policy provided that the policy itself and the application should together constitute the contract. Among other things, the application stated:

"It is mutually agreed as follows: 1. That the insurance hereby applied for shall not go into force unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his lifetime, and then only if the applicant has not consulted or been treated by any physician or practitioner since his medical examination, * * *. 2. That the soliciting agent is not authorized to collect any premium for the insurance hereby applied for except the first premium thereon, * * *. 3. That only the President, a Vice-President, a Secretary or the Treasurer of the Company can make, modify or discharge contracts, or waive any of the Company's rights or requirements; that notice to or knowledge of the soliciting agent or the Medical Examiner is not notice to or knowledge of the Company, and that neither of them is authorized to accept risks or to pass upon insurability."

The insurance company contended in the district court, and renews the contention here, that (1) the policy is a New York contract and that the rights of the parties are controlled by the laws of that state; and (2) that the condition precedent in the application providing that the policy shall not go into force if the applicant had consulted a physician after the medical examination is valid and enforceable.

The lower court held that the policy is an Illinois contract and that the insured having informed Cusick, the agent, when the policy was delivered on March 17, 1940, that he had consulted a physician during the preceding week, the insurance company is charged with the knowledge of its agent and is estopped to assert that the policy did not become effective.

There is no question of actual fraud or bad faith on the part of the insured. He did not die of the stomach trouble concerning which he consulted a doctor, but of a heart stroke apparently unrelated to the ailment which he thought he had or to a duodenal ulcer. He fully disclosed to the company in his application information regarding the first attack of stomach trouble from which he had suffered, and the company investigated the matter; and he fully informed the agent Cusick, the only representative of the company with whom he came in contact, of the fact that he had consulted and been treated by his physician after the application was signed.

The first question for determination is whether the policy is a New York or an Illinois contract. It was conceded on oral argument that if the policy is a New York contract the beneficiary cannot, for the reasons assigned by the plaintiff, recover under the law of that state.

In the federal courts in diversity of citizenship cases the conflict of laws rules of the courts of the state in which the federal court sits control. Griffin v. McCoach, 313 U.S. 498, 503, 61 S.Ct. 1023, 85 L.Ed. 1481, 134 A.L.R. 1462; Order of United Commercial Travelers v. Meinsen, 8 Cir., 131 F.2d 176, 179. The Missouri courts hold, and the parties concede, that a contract of insurance is made in the state where the last act is done which is necessary to complete the contract and bind the insured and the insurer. Yeats v. Dodson, 345 Mo. 196, 127 S.W.2d 652, 656, 138 S.W.2d 1020; Cravens v. New York Life Ins. Co., 148 Mo. 583, 50 S.W. 519, 53 L.R.A. 305, 71 Am.St.Rep. 628; Hamilton v. Darley, 266 Ill. 542, 107 N.E. 798, 799.

The court held that the policy was delivered in Illinois on March 17, 1940, and became a binding contract, and was "then receipted for by the delivering agent for the purpose of forwarding it to the home office for the purpose of having changes made in the terms of the written contract, which were optional provisions in accord with the application and the policy, and not material changes that affected the essential terms of the original contract."

The appellant argues (1) that the policy was not delivered in Illinois on March 17, 1940, but was rejected by the insured at that time; that a new proposal was made by the insured which was accepted by the company in New York on March 20, 1940, and that the acceptance of the proposal at that time and place was the last act necessary to complete the contract; (2) that Cusick by the express terms of the application was not authorized to modify the contract or to waive any of its provisions; that "only the President, a Vice-President, a Secretary or the Treasurer of

the Company" has such authority; and (3) that in any event Cusick was not authorized to waive the requirement that the policy should "not go into force" if the applicant had consulted a physician after signing the application even though the policy was delivered.

In view of what occurred in Illinois on March 17, 1940, before deciding what was the last act resulting in a binding contract, it is necessary to determine what law controls a contract made by an agent when acting in a foreign state. The established rule is that "The law of the state in which an agent * * * is authorized or apparently authorized to act for the principal * * * determines whether an act done on account of the principal * * * imposes a contractual duty upon the principal * * *." American Law Institute: Restatement of the Law, Conflict of Laws, § 345, p. 423; 2 Beale on The Conflict of Laws, p. 1193; Grant v. North American Benefit Corporation, 223 Mo. App. 104, 8 S.W.2d 1043. And, if an agent acts beyond or contrary to his instructions and the principal ratifies his act, the place of contracting is where the agent acted. Restatement of Conflict of Laws, § 331, p. 407, supra.

In the instant case it is undisputed that Cusick was authorized to go into Illinois to deliver the policy and to collect the first premium and that he did go there for that purpose. The evidence supports the finding of the court that while in Illinois he delivered the policy into the hands of the insured, collected the first monthly premium in the amount of $34.70, gave a receipt for the policy and returned it to the home office for the purpose of changing the rate base and the date. Under the law of Illinois an agent of an insurance company with authority to take applications for life insurance, to mail them to the company, to deliver the policy to the insured and to collect the premium is a general agent,· Mousette v. Monarch Life Ins. Co., 309 Ill.App. 224, 32 N.E.2d 1004, 1007; Continental Ins. Co. v. Ruckman, 127 Ill. 364, 376, 20 N.E. 77, 11 Am.St.Rep. 121; Beddow v. Hicks, 303 Ill.App. 247, 25 N.E.2d 93, 97; and such an agent has authority to make changes that do not effect material changes in the contract. Mulligan v. Metropolitan Life Ins. Co., 149 Ill.App. 516; Benatti v. John Hancock Mut. Life Ins. Co., 290 Ill.App. 438, 8 N.E.2d 551. This is true notwithstanding

the application or the policy provides that no person other than the president or secretary is authorized to make alterations. John Hancock Mut. Life Ins. Co. v. Schlink, 175 Ill. 284, 51 N.E. 795; Guter v. Security Benefit Ass'n, 335 Ill. 174, 166 N.E. 521.

Applying the Illinois law to the acts of Cusick at Belleville, Illinois, on March 17, 1940, the finding of the court is not erroneous. It cannot be said that Chapman rejected the policy at that time. The company acting through Cusick agreed to make the changes requested. These changes were not material or prejudicial to the company but were options given the insured. The delivery of the policy under these circumstances was the last act necessary to complete the contract. Chapman had a right to rely on the assurance of the agent that the changes would be made when he paid the monthly premium. Further, when the company accepted ·the monthly premium and the succeeding monthly premiums it ratified the agent's act, and such ratification related back to the date and place of the act. Restatement of Conflict of Laws, supra. The court did not err in holding that the company is presumed to have accepted the premiums with full knowledge of the understanding between Cusick and Chapman. The contention that knowledge of the agent cannot be imputed to the company will be considered further in the discussion of the issue of estoppel, to which we next turn. The policy is an Illinois contract.

It is not disputed that after his medical examination in St. Louis on February 17, 1940, the insured had consulted and been treated by a physician prior to the delivery of the policy on March 17, 1940; that he informed Cusick, the agent who delivered the policy, of this fact prior to and at the time of its delivery; that he did not give any other notice of his consulting a physician to the company; and that the application signed by the insured provides that "notice to or knowledge of the soliciting agent or the Medical Examiner is not notice to or knowledge of the Company." Appellant cites many cases, including decisions of the courts of New York and of this court, holding that the quoted provision of the application must be construed literally and is binding upon the insured and his beneficiary. We shall not use space to name and distinguish all these decisions. Since we hold that the

policy is an Illinois contract, the rights and obligations of the parties must be determined by Illinois law. Ruhlin v. New York Life Insurance Co., 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290.

The general question to be determined upon the merits is: Is the company estopped to assert that the policy never became effective because Chapman consulted and was treated by a physician after the medical examination and prior to the delivery of the policy?

The answer to this general question depends upon the answers to the specific questions whether under Illinois law (1) the agent Cusick, although only a soliciting agent of the company at his residence in St. Louis, was clothed with general power when he was sent to deliver the policy to Chapman in the state of Illinois; (2) whether notice to and knowledge of Cusick given and communicated to him both before and after he arrived in Illinois with the policy for delivery constituted notice to and knowledge of the company; and (3) if the foregoing questions should be answered in the affirmative, must the company be held to have waived the restrictive provisions of the application and to be estopped by the acceptance of the premiums after March 17, 1940, from asserting that the policy did not go into force" for the reasons claimed?

The answers to these questions have been settled by a long line of decisions of the Supreme and Appellate Courts of Illinois. From these decisions the rules applicable to the issue here may be deduced.

■ When the agent of a life insurance company doing business in the state sends an agent into the state to deliver a policy and to collect the premium, and such agent has authority to take applications, to mail them to the company, and to deliver the policy to the insured and collect the premium, such an agent is a general agent. Mousette v. Monarch Life Ins. Co., supra; Continental Ins. Co. v. Ruckman, supra; Niemann v. Security Benefit Ass'n, 350 Ill. 308, 183 N.E. 223; Beddow v. Hicks, supra; Guter v. Security Benefit Ass'n, supra.

■ Notice to an agent of facts connected with the business which the agent is employed to do is notice to his principal. Knowledge acquired by an agent when he delivers a policy, with authority to make delivery, is knowledge of the company. Germania Life Ins. Co. v. Koehler, 168 Ill. 293, 48 N.E. 297, 61 Am.St.Rep. 108; Niemann v. Security Benefit Ass'n, supra; Mousette v. Monarch Life Ins. Co., supra; and cases, supra.

■ Restrictions in the application or the policy are themselves conditions of the contract which may be waived by the company the same as any other condition. Dromgold v. Royal Neighbors of America, 261 Ill. 60, 103 N.E. 584; John Hancock Mut. Life Ins. Co. v. Schlink, supra; Guter v. Security Benefit Ass'n, supra.

■ Where an agent is charged with the duty to deliver a policy and collect the premium, it will be presumed that he informs the company of any circumstances coming to his knowledge affecting the risk; and, if subsequently the premiums are received by the company without objection, any forfeiture incurred will be presumed to be waived, Guter v. Security Benefit Ass'n, supra; Germania Life Ins. Co. v. Koehler, supra; and the company will not be heard to deny its liability or to assert that the facts are different from those discovered by and known to the agent. Cases cited supra.

■ Under the undisputed facts the appellant is, under Illinois law, estopped to deny liability. The Illinois decisions cited by appellant have been studied, and we find that they are all distinguishable upon the facts from the present case. The judgment appealed from is accordingly affirmed.