TAYLOR *et al.* v. THE NATIONAL TEMPERANCE RELIEF UNION, *Plaintiff in Error.*

94   34
45a 431
94   35
124 221
94   35,
67a 135
94   35
d91a 603

1. **Mutual Benefit Association:** CERTIFICATE OF INDEMNITY, ACTION ON: PETITION. The defendant, a corporation, issued an indemnity certificate to one of its members by which it agreed, in case of his death, to make an assessment on all its members subject to assessment, and to pay the amount collected for mortuary purposes, not exceeding the sum of one thousand dollars, less the cost of making the assessment, to the wife of the deceased member. *Held* (1) that said sum of one thousand dollars was the utmost limit of defendant's liability, and (2) that the petition was fatally defective, in that it omitted to aver either that defendant failed and refused to make the assessment, or that having made and collected the same, it had failed and refused to pay it to plaintiff.

2. ——: ——: ——. The petition was also defective in not stating that due proof had been made of the death of the holder of the certificate.

3. ——: ——: ——: ACTION AT LAW. The remedy on an agreement like the one sued on in this case. as against a solvent corporation, is at law.

4. ——— : ——— : ——— : SUIT IN EQUITY. Where, however, the corporation is insolvent and refuses to make the assessment, it would seem that relief might be sought in equity.

5. ——— : ——— : ———. The wife having died before her husband, the right to recover descended to the heirs.

*Error to Ray Circuit Court.* — HON. G. W. DUNN, Judge.

REVERSED AND REMANDED.

*Doniphan & Reed* for plaintiff in error.

(1) The petition does not show that the defendant was ever furnished with "due proofs of the death of the said member, Taylor." May on Insurance, sec. 460; *Sims v. Ins. Co.*, 47 Mo. 59. (2) The remedy, if any, is to compel the company to make the assessment. *Rainsberger v. Union*, 33 N. W. Rep. 626; *Newman v. Covenant*, 33 N. W. Rep. 562. (3) The beneficiary had no vested interest. *Gentry v. Supreme Lodge*, 20 C. L. J. 393; *Eastman v. Mut. Ass'n*, 20 C. L. J. 266, see note to this case; *Hallenberg v. I. O. B. B.*, 94 N. Y. 580; *Splawn v. Clew*, 60 Texas, 532; *Richmond v. Johnson*, 28 Minn. 447; *Masonic Mut. Ben. Soc. v. Buckhart*, 10 N. E. Rep. 79; s. c., 11 N. E. Rep. 449; *Dorin v. Central Verein*, 7 Daly, 168; *Supreme Council v. Priest*, 9 N. W. Rep. 481. (4) Neither did the insured have such an interest or estate in this fund that these plaintiffs could take it by descent through him. The established doctrine is, that in mutual benefit associations the power of the member, as to the fund to be paid at his death, is only a power of appointment, and not an estate in himself, that while he may appoint a beneficiary, he has no title to, or interest in, the fund. See notes 20 C. L. J., 268–394; 60 Tex. 532; 28 Minn. 447; 10 N. E. Rep. 79; 11 N. E. Rep. 447; 94 N. Y. 580. (5) The power of appointment is exercised in the defendant company in and by a formal contract called a

certificate of indemnity. *Worley v. Ass'n*, 3 McCrary, 55 ; *McClure v. Johnson*, 10 N. W. Rep. 217.

*J. W. Shotwell, C. T. Garner & Son* and *J. E. Ball* for defendants in error.

(1) The petition alleges that plaintiff in error is a corporation and not a benevolent association, which is admitted by the demurrer. (2) It also alleges that the plaintiff in error has wholly failed, neglected, and refused to pay said sum of one thousand dollars mentioned in said certificate, or any part thereof, although duly notified, on the thirtieth day of July, 1884, of the death of said Taylor (same averment in the three counts). (3) The demurrer is to the sufficiency of the petition and not the form of the judgment. (4) The judgment is right as a money judgment and if not paid upon the return of the execution not satisfied, then the court may make an order upon the officers of the corporation to make an assessment upon its members to satisfy the judgment and costs, which assessment has long since been made. (5) The demurrer admits the truth of the allegations in the petition, and nowhere is it stated that plaintiff in error is a benevolent association, but that it is a corporation ; consequently the learned argument for plaintiff in error does not apply in this case. (6) Upon the death of the beneficiary named in the certificate of indemnity, her children, by the common law, inherited all her rights, of every nature, and became beneficiaries in her stead, as the deceased, Taylor, made no further appointment after her death ; also by statute (R. S., sec. 5979) ; otherwise life insurance would be but a trap to catch the unwary and ignorant, and obtain money without consideration from one paying his assessments regularly up to the time of his death, believing that thereby he was providing a support for his little children after his death.

NORTON, C. J.—The propriety of the action of the circuit court, in overruling a demurrer to plaintiffs' petition, is the only question we are called upon to decide. The petition contains three counts.   So much of the first count as is necessary to a decision of the point raised is as follows :

"Plaintiffs state that defendant is a corporation duly organized and operating under the laws of this state ; plaintiffs state that, on the twenty-second of June, 1884, George R. Taylor departed this life and his wife, Mary E. Taylor, departed this life about six months previous to the death of her said husband ; plaintiffs state that the said Charles W. Taylor, Georgie May Taylor, and Fonist B. Taylor are the minor heirs of the said George B. Taylor and Mary E. Taylor, now deceased ; that John W. Shotwell, on the twenty-second day of July, 1884, was duly appointed by the probate court within and for Ray county as guardian of the person and curator of the estate of the said Charles W. Taylor, Georgie May Taylor, and Fonist B. Taylor, and here files letters of guardian and curatorship ; plaintiffs further state that, on the twelfth day of June, 1882, the defendant issued to the said George R. Taylor, now deceased, for the benefit of Mary E. Taylor, his wife, for the sum of one thousand dollars, an indemnity certificate, which said indemnity certificate was duly signed by James Millan, president of said company, and countersigned by F. H. Lewis, secretary, said certificate being in words and figures as follows, to-wit:

" 'No. 2870, Indemnity Certificate of the National Temperance Relief Union, $1,000.

" 'In consideration of the representation and agreements contained in the petition for membership, certificate of membership, and application for indemnity made by George R. Taylor, of Richmond, county of Ray, state of Missouri ( to be hereinafter called a member ), together

with the sum of eight dollars in hand paid, and the further sum to be paid on assessments as they become due, according to the by-laws, rules, and regulations of the National Temperance Relief Union ( which shall be called hereinafter in this certificate the union ), the said union issues this indemnity certificate with the following agreements: Sixty days after due proofs of the death of the said member, George R. Taylor, he having complied with all the conditions of membership, together with the rules, regulations, and by-laws of this union, the said union promises and agrees to make an assessment on all of its members who hold indemnity certificates subject to assessments, and pay the amount collected for mortuary purposes, not exceeding one thousand dollars, less the cost of making the assessment, to Mary E. Taylor, his wife, the beneficiary of said member. Should the said member live until the fifteenth day of September in the year of 1915, he will then have attained his expectancy according to the American experience table of mortality based on his age at the date of this certificate. The said union promises and agrees that in this event it will make an assessment as before provided in case of death, and pay the result collected for mortuary purposes, not exceeding one thousand dollars, less the cost of making the assessment, to the said member while living. The assessments shall be paid to the secretary within thirty days after date of notice. Notices of assessments directed to the address of the holder of this certificate, as it appears on the books of the union, and deposited in the postoffice at the principal office of the union, shall be deemed legal notice. The petition for membership, certificate of membership, application for indemnity, certificate of examining physician, by-laws, rules, and regulations of this union, upon which this certificate is based, are hereby referred to and made a part hereof the same as if herein written.' "

So much of the certificate recited in the petition as relates to certain "prohibitions," "debts and liens," and power of agents being omitted because they shed no light on the question involved, the petition proceeds to aver that the said George R. Taylor fully complied with the terms of said indemnity certificate in every particular on his part, but that the defendant, through its agents and officers, wholly disregarding its contract made and entered into with said George R. Taylor, deceased, has wholly failed, neglected, and refused to pay said sum of one thousand dollars mentioned in said certificate, or any part thereof, although duly notified, on the thirtieth day of July, 1884, of the death of said Taylor. Wherefore, plaintiffs, by their guardian and curator, say they are damaged in the sum of one thousand dollars, with lawful interest thereon from the death of the said George R. Taylor until the rendition of judgment, for which they ask judgment, and for all proper relief in the premises.

It will be observed that, by the certificate set forth in the petition, defendant did not obligate itself absolutely to pay to the beneficiary the sum of one thousand dollars (less cost of collecting the assessments). The agreement was to make an assessment on all its members, subject to assessment, and pay the amount collected for mortuary purposes to the beneficiary, not to exceed one thousand dollars. That sum was to be the utmost limit of the liability. If, after assessing all its members to the extent of its power to assess, a less amount than one thousand dollars should be realized, such amount would be the measure of its liability. It will also be observed that the petition neither avers that defendant failed and refused to lay any such assessment, or that, having laid one and collected it, failed and refused to pay the same to plaintiff. For lack of these averments the petition is defective. *Curtis v. Ins. Co.*, 48 Conn. 98.

It is true the petition avers that defendant refused to pay the said sum, but it wholly fails to aver that it had assessed and collected the same, the two facts upon which its obligation to pay rested. The petition, to have made a case for the recovery of the one thousand dollars, should have averred that defendant had made an assessment and had collected a sufficient amount to pay, but refused to pay. *Smith v. Ben. Ass'n*, 24 Fed. Rep. 685.

In case of *Newman v. Ben. Ass'n*, 33 N. W. Rep. 662, it is held that an action against mutual benefit associations for damages for refusing to make an assessment stipulated for by its certificate of membership is properly brought at law, and equity has no jurisdiction, but that on such an amount alone, the recovery would be only for nominal damages. On the other hand, in the case of *Benefit Ass'n v. Sears*, 114 Ill. 108, it is held that when such association refuses to make an assessment, which it has agreed to make, that resort may be had to a court of equity for the purpose of enforcing specific performance.

We are of opinion that, as against any such solvent corporation the remedy on such an agreement as the one in suit is at law, and while it may be, as held in the case of *Newman v. Ben. Ass'n, supra*, that the single averment, without more, that defendant had failed and refused to make the assessment, might limit the recovery to nominal damages, we are satisfied that had the petition in this case averred that the defendant had refused to make the assessment which it had agreed to make, and that if such assessment had been made, defendant could or would have realized the sum of one thousand dollars; that a good cause of action would have been stated for the recovery of the whole of said sum. And such a cause of action would also have been well stated if the petition had averred that defendant made the

assessment and collected therefrom an amount sufficient to pay the sum stipulated for, but refused to pay it.

When an incorporated association of this character is insolvent, and refuses to make an assessment, which if made would produce an amount sufficient to pay the beneficiary, and it refuses to make such assessment, we are not prepared to deny but that in such case, the remedy at law being inadequate, a court of equity might be resorted to for such relief as its elastic powers are so well adapted to afford.

The defendant was not bound by the certificate to make any assessments till sixty days had expired, after due proof had been made of the death of Taylor. The petition is defective in not alleging that such proof had been made. It is averred in the first count that defendant was duly notified of the death of said Taylor, but even this averment, general as it is, is wholly lacking in the second and third counts of the petition.

It is further insisted on behalf of defendant that the interest of the beneficiary, Mary Taylor, was only as an expectant interest, and that she having died before her husband, George R. Taylor, and he having died without having appointed any other beneficiary, that nothing descended to the heirs of said Mary or George, and that plaintiffs, therefore, have no right of action. In support of this contention, we have been cited to a number of authorities, of which the cases of *Gentry v. Supreme Lodge*, 20 Cent. Law Jour. 393, and *Richmond v. Johnson*, 28 Minn. 447, are representatives, in which it is held that the wife, who was named in the certificate as before, and who died before the husband, had only an expectancy. These decisions are put upon the distinct ground that it appeared that the member having the certificate had the right "to hold, dispose of, and fully control, said benefit at all times," and because he had this right the appointment of his wife as the beneficiary was reasonable, and until revoked she only had

an expectancy dependent on his will and pleasure, which terminated when she died before he did. As it does not appear, from the petition, that the husband had the right to designate any other beneficiary, or to dispose of and control the benefit at all times, which was the case in the citations referred to, the authorities cited have no application.

For the reasons given the judgment will be reversed and cause remanded. All concur.