Ozina Grant, Alias Mrs. J. S. Grant, Respondent, v. North America Benefit Corporation of Springfield, Illinois, Appellant.*

Springfield Court of Appeals. July 20, 1928.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 2834, p. 853, n. 58; section 3201, p. 1173, n. 64; Mutual Benefit Insurance, 45CJ, section 8, p. 11, n. 61; section 11, p. 13, n. 92; section 44, p. 56, n. 23; section 182, p. 236, n. 49; section 264, p. 313, n. 24.

*George V. Farris* and *J. C. Ammerman* for appellant.

*Owen & Davis* for respondent.

BAILEY, J.—This is an action to recover the sum of one thousand dollars, the maximum amount named in an insurance certificate issued by defendant to one J. S. Grant. Plaintiff is widow of the insured. Defendant is an Illinois corporation. The case was tried to a jury and resulted in a judgment for plaintiff in the sum of $1045, from which judgment defendant has appealed.

Error is assigned in the action of the trial court in overruling an instruction in the nature of a general demurrer to the evidence offered at the close of plaintiff's case and again at the close of the whole case. A statement of the evidence offered in support of plaintiff's claim is therefore in order.

It stands conceded that defendant is an Illinois corporation. Defendant pleaded it was organized under the general corporation laws of that State and had no authority to engage in the insurance business. No competent proof was offered in support of that allegation. Be that as it may, defendant had no license to engage in the insurance business in the State of Missouri. It did, however, on the 28th day of August, 1925, issue its membership certificate to J. S. Grant, whose application had previously been taken by one I. F. Hansberger, either as agent or broker, at Joplin, Missouri. The certificate contained the following provision, to-wit: ''In consideration of the payment of five dollars charter fee, the receipt of which is hereby acknowledged, and

the further future contributions hereinafter mentioned entitles J. S. Grant of Joplin, Mo. (hereinafter called the member), to all the benefits of this corporation, and in the event of death of said member entitles Mrs. J. S. Grant of Joplin, Mo., named as beneficiary to an amount not to exceed the sum of ONE THOUSAND DOLLARS subject, however, to the conditions herein named and it is understood that any benefit mentioned in this policy is conditioned, that prompt and full payment by the MEMBER be made to The North America Benefit Corporation, at its office at Springfield, Illinois, of any and all contributions that may become due herein pursuant to the provisions of the application for this policy and the by-laws of this corporation. And provided further, that the holder of this contract shall have fully complied with the conditions and agreements contained in the application, and in this certificate and in the by-laws of The North America Benefit Corporation hereinafter set forth, and made a part hereof.''

The by-laws, which were made a part of the insurance agreement, contained, among other things, certain conditions as follows: ''Sec. 3. Certificate—When an application is accepted by this corporation and the membership fee and one assessment in advance are paid, the corporation will issue to such applicant a certificate, but no liability shall arise thereon against the corporation, nor any benefit be due to the applicant until the issuance of such certificate and its delivery to and acceptance by the applicant while such applicant is in good health. . . .

Section 1. Benefits—Upon the death of any member of this corporation, if such member shall at the time of his death be in good standing and shall have complied with all the laws, rules and regulations of this corporation, and upon proofs of death duly submitted to the corporation, the corporation will pay the maximum benefit of $1000, provided same is in the reserve at the time of death; if it is not in reserve at the time of death a contribution will be called for from each member of the class of which the contract holder is a member. Any benefits mentioned in these by-laws or anywhere in the contract issued are conditioned upon the same being collected from the members if the same is not already on deposit in the reserve and the total liability of this corporation shall not in any case exceed a sum equal to one dollar for each member in good standing or shall not exceed the amount collected from the remaining members of the class of which the contract holder is a member.''

The evidence most favorable to plaintiff tends to show that I. F. Hansberger delivered the certificate to J. S. Grant in August, 1925, at Joplin, Missouri, and collected from him the sum of six dollars; it is also in evidence that said I. F. Hansberger collected two other assessments prior to the death of the insured, which occurred on December 30, 1925. Defendant's evidence tended to prove four assess-

ments were made between the date the policy was issued and the death of the insured and that none of them were paid. The issue as to whether the payments were made was submitted to the jury by defendant's instruction. Since there was some evidence tending to prove plaintiff's husband had paid all assessments required by defendant, the jury's verdict must be considered final on that point.

It is contended by defendant that, since the certificate or policy of insurance was issued in Illinois and all payments of assessments were required to be made in that State and since defendant is an Illinois corporation, therefore the construction of said insurance certificate is to be governed by the laws of Illinois. This position cannot be sustained. The by-laws, which were specifically incorporated in the contract by reference, provide by section 3 (heretofore set out) that no liability should arise until the certificate was delivered and accepted by the applicant. That being true, the last act necessary to make the contract binding, according to its very terms, was the delivery and acceptance of the certificate by the applicant. This was done in Missouri and it therefore became a Missouri contract. [Cravest v. New York Life Insurance Co., 148 Mo. 583, 50 S. W. 519; Johnson v. Life Insurance Co., 212 Mo. App. 290, l. c. 306, 249 S. W. 115; Crohn v. Insurance Co., 170 Mo. App. 273, 156 S. W. 472.]

It is next contended that since the certificate was not an absolute contract for the payment of a sum certain, but only an agreement that the defendant should levy an assessment and pay the proceeds thereof to the beneficiary or make such payment from a reserve fund on hand, the duty was on plaintiff to allege and prove there was a reserve fund on hand or that an assessment would be sufficient to satisfy the face amount of the certificate. In support of this proposition we are cited two Illinois cases viz., Laughlin v. North America Benefit Corporation (not yet officially reported) and Budor v. Mass. Safety Fund Asso., 17 N. E. 879. A similar question arose in this State in the case of Taylor v. The National Temperance Union, 94 Mo. 35. In construing a contract almost identical in its terms with the one at bar, the Supreme Court fully sustained the contention now made by this defendant. However, the rule there laid down has been changed by the statutory law of this State which requires all policies issued by Assessment Companies to specify the exact sum of money which the company agrees to pay. [Sec. 6157, R. S. 1919; McFarland v. Accident Asso., 124 Mo. 204, l. c. 221, 27 S. W. 436.] The only question then is, whether or not this particular statute can be made to apply to defendant. Our courts have held that section 6157, supra, applies to both foreign and domestic companies. [Goodson v. National Masonic Acc. Asso., 91 Mo. App. 339.]

Whatever may have been the limitations on defendant's authority to engage in the insurance business under its Illinois charter, it was

in fact engaged in writing a form of insurance in this State. It has been held that a contract such as is here involved, although the sum payable is uncertain, nevertheless is a contract of insurance. [State ex rel. v. Benefit Asso., 6 Mo. App. 163.] If defendant had been licensed in this State to engage in writing insurance under the plan it had adopted, there can be no question that it would have been bound by section 6157, supra. The fact that it did engage in such practice contrary to and without authority of our laws should not permit it to escape the burdens which our law imposes on other assessment plan insurance companies, duly licensed to do business in this State. In speaking of an assessment company having a license, our Supreme Court held that, "Its measure of authority for legitimate business in Missouri is our statute. The test of the character of the policy it issues is the statute and not the license it may have obtained." [Ordelheide v. Modern Brotherhood of America, 187 S. W. 1193, 1. c. 1194.]

It is therefore our opinion that under the statute and more recent decisions of this State referred to, the certificate was prima-facie a policy of insurance for $1000 and that the burden was on defendant to plead and prove that the reserve fund or the amount realized from assessments, was insufficient to pay the full face value of the policy. [McFarland v. Accident Asso., supra; Travis & Company v. Means, 242 S. W. 164, 1. c. 166.]

Error is further assigned as to the action of the court in ruling out the testimony of A. C. Littlejohn offered for the purpose of disproving the agency of I. F. Hansberger, section 6320, Revised Statutes 1919, provides that any person in this State, "who shall receipt for any money on account of or for any contract of insurance made by him—for any insurance company or association not at the time authorized to do business in this State—although the same may not be required by him or them as agents, or who shall make or cause to be made, directly or indirectly, any contract of insurance for such company or association, shall be deemed to all intents and purposes an agent of such company or association." We think the evidence in this case brings defendant fully within the provisions of this section. The application for the certificate was procured by Hansberger, the assessment money was collected by him and he also delivered the policy, all, apparently, with the active knowledge, consent and authority of defendant. No effort is made to deny the execution of the certificate. There was, therefore, no material error in excluding the testimony of the witness Littlejohn. The judgment should be affirmed. It is so ordered. *Cox, P. J.,* and *Bradley, J.,* concur.