HULETT v. ROCK ISLAND MOTOR TRANSIT CO. et al.

No. 900.

District Court, W. D. Missouri, W. D.

July 23, 1941.

State of Kansas. From the first amended petition it appears that on or about January 4, 1941, the automobile in which plaintiff was riding collided with one of the Motor Transit Company's trucks at a point in the State of Kansas near the City of Leavenworth, injuring plaintiff. Plaintiff filed this action in the state court to recover for those injuries. He joined as a defendant in addition to the Transit Company, the defendant Indemnity Insurance Company. The latter had issued a public liability insurance policy upon the operation of the Transit Company's trucks. Pursuant to a Kansas statute this policy had been filed with the Kansas Public Service Commission. By the policy as it appears from the amended petition, the Indemnity Company agreed to indemnify the Transit Company against liability from claims arising from personal injuries or property damage resulting to third parties from the operation of the Transit Company's vehicles. This policy, read in the light of the law of Kansas, is for the benefit of the members of the public as well as for the protection of the operator from judgments rendered against him. Dunn v. Jones, 143 Kan. 218, 53 P.2d 918.

The plaintiff instituted the action in the Circuit Court of Jackson County, Missouri, against the Transit Company. Later, by an amended petition, it joined the Indemnity Company as a defendant. Thereafter, the cause was removed to this court and in due time the motions to dismiss, heretofore noted, were filed. Both motions state as grounds therefor that there is a misjoinder of causes of action. This assignment is predicated upon the assertion that the cause of action stated against the Transit Company is one in tort while the cause of action alleged against the Indemnity Company is one arising out of a contract. It is the defendants' insistence that both cannot be joined in one action. This question will go out of the case if the Indemnity Company's position that the cause must be dismissed as to it for want of service is well taken. As noted, the Indemnity Company issued the policy in Kansas. The insured Transit Company is a corporation domiciled in Illinois but operating in Kansas under a certificate from the Kansas Public Service Commission. The plaintiff was not named in the policy as beneficiary and had no interest therein until the accrual of his claim against the Transit Company. Un-

Allan M. Fisher and Walter R. Barnes, both of Kansas City, Mo., for plaintiff.

Henry M. Shughart, of Kansas City, Mo., for defendants.

COLLET, District Judge.

This cause is pending on separate motions to dismiss filed by each of the defendants. Plaintiff is a resident and citizen of Missouri. The defendant Rock Island Motor Transit Company is an Illinois corporation transacting business in Missouri and maintaining an office in this Division of this District. The defendant Indemnity Insurance Company is a Pennsylvania corporation engaged in the business of writing liability insurance and is authorized to transact such business in the

der these conditions service was had upon the Indemnity Company by serving the Deputy Superintendent of the Insurance Department of the State of Missouri in the absence of the Superintendent. The Indemnity Company questions the validity of this service upon the ground that under the Missouri statute, Sec. 6005, R.S.Mo. 1939, Mo.St.Ann. § 5894, p. 4495, the service is void and of no effect. The material portion of that statute is as follows: " * * * and service as aforesaid shall be valid and binding in all actions brought by residents of this State upon any policy issued or matured, or upon any liability accrued in this state, or on any policy issued in any other State in which such resident is named as beneficiary, and in all actions brought by non-residents of this State upon any policy issued in this State in which such non-resident is named beneficiary or which has been assigned to such non-resident and in all actions brought by non-residents of this state on a cause of action, other than an action on a policy of insurance, which arises out of business transacted, acts done, or contracts made in this State. * * *"

The historical background of this statute may be found by reference to State ex rel. American Central Life Insurance Company v. Landwehr, 318 Mo. 181, 300 S.W. 294; State ex rel. Phoenix Mutual Life Ins. Co. v. Harris, 343 Mo. 252, 121 S.W. 2d 141, 119 A.L.R. 862; Fogle v. Equitable Life Assur. Society, Mo.App., 123 S.W. 2d 595, and other cases to which these opinions refer.

It is clear from an examinaion of Section 6005, that when this statute was amended pursuant to Judge Ellison's suggestion in State ex rel. Phoenix Mutual Life Ins. Co. v. Harris, supra, the Legislature did not authorize service upon foreign insurance companies, under the circumstances such as exist in the present case.

■ Considering the clauses of the quoted portion of the statute, one by one, in the order in which they appear, we observe that the first clause—"in all actions brought by residents of this State upon any policy issued or matured, or upon any liability accrued in this State," does not fit the present situation because, although the plaintiff is a resident, the pol-

icy was not issued in the State, it did not mature in the State, nor did any liability thereon accrue in the State. The second clause: "or on any policy issued in any other State in which such resident is named as beneficiary," does not cover the present situation because although the policy was issued in another state the resident plaintiff was not named as beneficiary therein. The third clause—"and in all actions brought by non-residents of this State upon any policy issued in this State in which such non-resident is named beneficiary or which has been assigned to such non-resident" is no more helpful because the action is not brought by a nonresident, nor was the policy issued in this state. No more applicable is the fourth clause—"and in all actions brought by non-residents of this State on a cause of action, other than an action on a policy of insurance, which arises out of business transacted, acts done, or contracts made in this State", for the obvious reason that the present action is brought by a resident of Missouri and does not arise out of business transacted, acts done, or contracts made in this State. The Missouri service statute hence did not authorize service upon the Indemnity Company in the manner in which it was procured.

■ There is no suggestion that Section 6008, R.S.Mo.1939, Mo.St.Ann. § 5897, p. 4499, applying to insurance companies not incorporated in or authorized to transact business within the State of Missouri is applicable, hence Section 6005, supra, provides the exclusive method for obtaining service under the Missouri statute. State ex rel. Phoenix Mutual Life Ins. Co. v. Harris, supra. The Indemnity Company's motion to dismiss based upon the ground of want of service will be treated as a motion to quash the service as to it and is sustained for the reasons noted.

■ With the Indemnity Company out of the case, the plaintiff may have his choice of proceeding against the remaining defendant who suggests no reason why the service as to it is not good, or he may withdraw the present action and proceed against both defendants in a forum where both may be served.

The motion of the defendant Rock Island Motor Transit Company to dismiss is overruled.