**COWLEY**

v.

**AUTO TRANSPORTS, Inc. et al.**

No. 9037.

United States District Court
W. D. Missouri, W. D.

Aug. 11, 1954.

Shughart & Thomson, Kansas City, Mo., for plaintiff.

Popham, Thompson, Popham, Mandell, Trust & Green, Kansas City, Mo., for defendant.

WHITTAKER, District Judge.

This matter is before me upon the separate motion of the defendant, Transport Insurance Company, to quash return of service of summons directed to it and served upon the Superintendent of Insurance of Missouri, and to dismiss this cause as to it.

The defendant, Auto Transports, Inc., an Oklahoma corporation, desiring to be permitted to operate as a motor carrier in the state of Kansas, applied to the State Corporation Commission of Kansas for a license to do so. Section 66–1,128 of the General Statutes of Kansas provides that a foreign motor carrier, such as defendant, Auto Transports, Inc., shall not be licensed to operate in Kansas until it shall have filed with the State Corporation Commission, and it has approved, a liability insurance policy in such sum as the Commission shall require, not less than stated minimums, "which liability insurance shall bind the obligors thereunder to pay compensation

for injuries to persons and loss of or damage to property resulting from the negligent operation of such carrier." To enable defendant, Auto Transports, Inc., to comply with that statute and be licensed to operate as a motor carrier in Kansas, the defendant, Transport Insurance Company, a Texas corporation engaged in the casualty insurance business, and qualified and authorized to do such business in both Kansas and Missouri, issued a liability insurance policy to defendant, Auto Transports, Inc., to be, and it was, filed with and approved by the State Corporation Commission of Kansas.

Thereafter, on March 4, 1953, while both said license and insurance policy were in effect, an automobile in which plaintiff, a citizen and resident of Missouri, was riding was collided with by a motor truck of defendant, Auto Transports, Inc., at a point on U. S. Highway 169 near Louisburg, in the state of Kansas, resulting in bodily injuries and damage to plaintiff.

Plaintiff commenced this action in the Circuit Court of Jackson County, Missouri, against Auto Transports, Inc., in negligence, and against Transport Insurance Company, on said insurance policy, to recover his damages sustained in said collision. Defendants removed the cause to this court on the ground of diversity, and defendant, Auto Transports, Inc., has answered.

Service of process for defendant, Transport Insurance Company, was made on the Superintendent of Insurance of Missouri, under Section 375.210(2), of the Missouri Statutes, V.A.M.S., which, so far as here pertinent, provides that service of Process directed to a non-resident insurance company, which is licensed to do business in Missouri, may be made on the Superintendent of Insurance of Missouri, and "shall be valid and binding in all actions brought by residents of this state upon any policy issued or matured, or upon any liability accrued in this state, or on any policy issued in any other state in which such resident *is*

*named as beneficiary* \* \* \*" (Emphasis supplied). Defendant, Transport Insurance Company, has moved, as stated at the outset, to quash the return of service of summons, showing service upon it by delivery to the Superintendent of Insurance of Missouri, and to dismiss this cause as to it, upon the ground that said section, 375.210(2), of the Missouri Statutes does not authorize that service in this case.

There is no claim that this action is upon "any policy issued or matured, or upon any liability accrued in this state", for admittedly the policy was issued and matured, and the liability, if any, accrued, outside Missouri. Hence, the basic question is whether this action is "on any policy issued in any other state in which (policy) such resident (of Missouri) *is named as beneficiary.*" Defendant, Transport Insurance Company, says no. Plaintiff says yes. His argument is that inasmuch as the Supreme Court of Kansas has held that "the obligation of \* \* \* the insurer, was that prescribed by the (Kansas) statute (Section 66–1,128) and the statute is a part of the policy." Henderson v. National Mutual Casualty Co., 164 Kan. 109, 187 P.2d 508, 515, and that "the legislature, in effect, wrote the policy in the statute", Dunn v. Jones, 143 Kan. 218, 53 P.2d 918—also 143 Kan. 771, 57 P.2d 16; Fisher v. Central Surety & Insurance Corp., 149 Kan. 38, 86 P.2d 583, and that "the concern of the legislature was not protection of the negligent motor carrier, but of a member of the public who is injured, and compensation to him must be assured *just as if the policy ran to the State of Kansas for the benefit of persons run down on the highway by a motor carrier*" [Emphasis mine], it follows that plaintiff was a "beneficiary" of the policy, and ought to be held to be "named as beneficiary" in the policy, within the meaning of Section 375.210(2) of the Missouri Statutes, and that the service of process made upon the Superintendent of Insurance of Missouri for the insurer, under that statute, should be held good and sufficient. I can-

not agree. Admittedly, the plaintiff was not actually "named as beneficiary" in the policy. While the Kansas statute, as construed by the Supreme Court of Kansas, gives to the plaintiff the right to sue on the policy, as a contract made for his benefit "just as if the policy ran to the state of Kansas for the benefit of persons run down on the highway by a motor carrier" [Dunn v. Jones, supra], and, in that sense, plaintiff was a "beneficiary" of the policy, he was not "named as beneficiary" in the policy, as must be the case before service of process upon the Superintendent of Insurance of Missouri is authorized, by Section 375.210(2) of the Missouri Statutes, in a case like this. The Superintendent of Insurance of Missouri was only a limited process agent for this defendant. The limitations are set forth in the Missouri statute, Section 375.210 (2). When this defendant applied for and received its license to transact business in Missouri as a foreign insurance company it agreed that the Superintendent of Insurance of Missouri would be its process agent in Missouri but only to the extent set forth in Section 375.210(2). It did not agree that the Superintendent of Insurance of Missouri could serve as its process agent in an action brought by a resident of Missouri on a policy issued in some other state unless "such resident (of Missouri) *is named as beneficiary*" in the policy. It follows that being a beneficiary of the policy in the sense of having a right to sue on it as a contract made for the benefit of a third person is not the legal equivalent of being "named as beneficiary" in the sense of Section 375.210(2) of the Missouri Statutes, and therefore, the service of process on the Superintendent of Insurance of Missouri was not authorized in this case, and the motion of defendant, Transport Insurance Company, to quash the return of service must be sustained.

This conclusion is in all things supported by Judge Collet's opinion in the case of Hulett v. Rock Island Motor Transit Co., D.C.W.D.Mo., 40 F.Supp. 213.

Plaintiff, by supplemental suggestions, presses the en banc opinion of the Supreme Court of Missouri in the case of State ex rel. Northwestern Mutual Fire Ass'n v. Cook, 349 Mo. 225, 160 S.W.2d 687, as requiring a different result. I find the case does not touch the question here. The question there was whether the plaintiff, a Delaware corporation, but licensed to do business in Missouri and maintaining its principal office there, was or was not a resident of Missouri, in the sense of what is now Section 375.210(2) of the Missouri Statutes, so that it might serve the Superintendent of Insurance of Missouri on a policy issued in Oregon for a loss occurring in Oregon, but which named the plaintiff as beneficiary. There is no question about the fact that plaintiff in the instant case is a resident of Missouri, but he is not "named as beneficiary" in the policy, and that is why the service here is bad. The Cook case does not touch the question here.

One matter remains and that is whether I should, in addition to sustaining the motion to quash the service, also sustain that part of the motion which asks dismissal of this cause as to the defendant, Transport Insurance Company. In view of the decision of the Supreme Court of Missouri, en banc, in the case of State ex rel. Phoenix Mutual Life Insurance Co. v. Harris, 343 Mo. 252, 121 S.W. 2d 141, 147, 119 A.L.R. 862, holding that what is now Section 375.210(2) of the Missouri Statutes constitutes the sole and exclusive means of serving a foreign insurance company licensed to do business in Missouri, which decision is binding upon me, I must sustain that part of the motion also.

It is, therefore, Ordered and Adjudged by the Court that the motion of defendant, Transport Insurance Company, to quash the service of summons upon it herein and to dismiss this cause as to it must be, and it is hereby, sustained.