Lucy E. DODSON, Appellant,

v.

TRAVELERS INSURANCE COMPANY,
Appellee.

No. 16124.

United States Court of Appeals
Eighth Circuit.

April 21, 1959.

Paul L. Bradshaw, Springfield, Mo.
(Neale, Newman, Bradshaw, Freeman &
Neale; Jean Paul Bradshaw and Donald
J. Hoy, Springfield, Mo., were with him
on the brief), for appellant.

Robert T. Donnelly, Lebanon, Mo.
(Donnelly & Donnelly, and David Don-
nelly, Lebanon, Mo., were with him on
the brief), for appellee.

Before SANBORN, WOODROUGH,
and VAN OOSTERHOUT, Circuit
Judges.

WOODROUGH, Circuit Judge.

Lucy E. Dodson brought this action against The Travelers Insurance Company in the Circuit Court of Laclede County, Missouri, to recover damages for personal injuries alleged to have been caused her by the negligence of the Memorial Hospital located at Siloam Springs, Benton County, Arkansas, on or about August 9, 1957, while she was there as a patient. The hospital is a non-profit corporation, a subdivision of the municipality of Siloam Springs, Benton County, Arkansas, and is not subject to suit for tort. But a law of Arkansas, to-wit, sections 66-517, 66-518, 66-519, and 66-520, of the Arkansas Statutes 1947, provides that when liability insurance is carried by such a corporation not subject to suit for tort and any person suffers injury or damage on account of its negligence, such person shall have a direct cause of action against the insurance company with which the liability insurance is carried and such insurer shall be directly liable to the injured person for such damages to the extent of the coverage of the liability policy and the plaintiff may proceed directly against said insurer regardless of the fact that the actual tort feasor may not be sued. It is provided that suits under the Act shall be brought either in the county where the injury and damage occurs or where the plaintiff may reside at the time of the injury. §§ 66-517 to 66-520.

The Travelers Insurance Company, a corporation organized under the laws of Connecticut, issued its policy of liability insurance to the Memorial Hospital in Arkansas, insuring the hospital against loss due to injuries sustained by any person resulting from the negligence of its agents or employees for the sum of $25,-000 (each person) which was in force at the time of plaintiff's injury. Plaintiff was a citizen and resident of Laclede County, Missouri, at the time of her injury and at all times since. She undertook to commence this action in the Circuit Court of that county by substituted service of process under Section 375.210, subd. 2, R.S.Mo.1949, V.A.

M.S. That is to say, she caused summons in the case to be served upon the Superintendent of the Division of Insurance, Department of Business and Administration of the State of Missouri, who was duly appointed and authorized by the defendant to receive service of process in behalf of defendant issued by any court of record in all proceedings instituted against it in any court of the state, subject to the limitations prescribed in the section.

The defendant insurance company caused the case to be removed to the federal court on account of the diversity of citizenship and there appearing specially it filed its motion to quash return of the service of summons and to dismiss. It alleged in the motion that the service of process herein sought to be made under the Section 375.210, subd. 2, and directed to it as a non-resident defendant insurance company licensed to do business in Missouri was unauthorized and invalid. As stated, the suit is upon a liability policy in which the beneficiaries are such persons as are injured by the hospital's negligence and the only actions in which service of process is authorized by the section are "actions brought by residents of this state upon any policy issued or matured, or upon any liability accrued in this state, or on any policy issued in any other state in which such resident is named as beneficiary * * ". A copy of the policy sued on was attached to the motion. It shows that it was issued to the Arkansas hospital and insures the hospital " * * * against loss due to injuries or damages sustained by any person * * * " through negligence of its servants, but the plaintiff is not named in it as beneficiary and was therefore not authorized to obtain service of process under it in her action on the policy.

As grounds for dismissal it was further stated in the motion that Section 375.210, subd. 2, constitutes the sole and exclusive means of obtaining service of process upon defendant in Missouri and as it does not authorize the service in this case, the court in Laclede County

**54**

before the removal and the federal court afterwards were without "jurisdiction over the person of this defendant, * * the subject matter or * * * venue * * *".

After full hearing the District Court sustained the motion to quash the service of summons and also ordered the action dismissed for want of jurisdiction. The plaintiff appeals.

Opinion

1. *As to the service of summons.*

It appeared to the District Court that the legal issue presented in respect to the service of process on the insurance company was identical with that decided in favor of the insurance company defendant by Mr. Justice Whittaker, then District Judge, in Cowley v. Auto Transport, Inc., D.C., 122 F. Supp. 689, and we agree. In that case Transport Insurance Company was made a party defendant with a trucking company in an action on a liability policy brought by a Missouri citizen and resident in a Missouri court for damages from tort of the trucking company committed in Kansas. The insurance company was a Texas corporation licensed to do business in Kansas and Missouri and had issued the liability policy to the trucking company in Kansas where the statute made the insurer directly liable to persons injured by torts of the trucking company. There was substituted service on the insurance company under section 375.210, subd. 2, as in this case, and the court held that because the plaintiff was not named in the policy sued on, the action was not an action in which service of process on the Superintendent of Insurance was binding on the insurance company and that the attempted service on the insurance company was bad. The court found support for the conclusion in the opinion and citations of Missouri decisions therein of the late Judge Collett, subsequently a Judge of this Court, then sitting as District Judge in Missouri, in Hulett v. Rock Island Motor Transit Co., D.C., 40 F.Supp. 213. In that case a motion to

quash substituted service on an insurance company incorporated in Pennsylvania was sustained in view of a Missouri statute which contained the same provision as the controlling part of Section 375.210, subd. 2, here. The policy sued on was a liability policy like the policy here in suit, and did not name the plaintiff as beneficiary. In consequence the substituted service on the insurance company was not authorized. Judge Collett found the historical background of the relevant statutory provision in State ex rel. American Central Life Insurance Company v. Landwehr, 318 Mo. 181, 300 S.W. 294; State ex rel. Phoenix Mutual Life Insurance Company v. Harris, 343 Mo. 252, 121 S.W.2d 141, 119 A.L.R. 862; Fogle v. Equitable Life Assurance Society, Mo.App., 123 S.W.2d 595, and other cases to which those decisions refer.

An argument is presented for appellant that her cause of action in this case may be said to have accrued in Missouri within the meaning of section 375.210, subd. 2, because of the provision of section 66-520 of the Arkansas statute:

"Venue of actions.—Suits under this Act shall be brought either in the county where the injury and damage occurs or where plaintiff or plaintiffs may reside at the time of such injury or damage."

But we find the contention without merit. Plaintiff alleged in her petition that her cause of action against defendant "arose in Benton County, Arkansas, and exists under and by virtue of the laws of the State of Arkansas" and the details of the tort on which the action is based are in conformity with that allegation. The venue provision of the Arkansas Act quoted relates to the bringing of suits in Arkansas and it does not carry beyond the limits of an Arkansas forum so as to control the service of process on nonresident insurance companies in Missouri.

The conclusion of the District Court that the attempted service of process was not binding on defendant and con-

ferred no jurisdiction over it was in accord with applicable Missouri law.

2. *As to dismissal.*

 It is contended for appellant that if the attempted service was invalid her case should not have been dismissed because, as she asserts, Section 375.210, subd. 2, under which she proceeded, is not exclusive and she could obtain service under the provisions of Missouri's general service statute for foreign corporations (Section 351.630 R.S.Mo.1949 V.A.M.S.). It is also argued extensively in appellant's behalf that if Section 375.-210 is the exclusive means provided by Missouri law for obtaining jurisdiction over nonresident insurance companies in such an action as the present, and if it does not sanction the service here attempted, then it is invalid as in violation of the Full Faith and Credit Clause of the federal constitution. It is admitted that the former Missouri statute (Section 5894, R.S.Mo.1929) which was replaced by Section 375.210, subd. 2, was held by the Supreme Court of Missouri to be such exclusive means of service, but it is stressed that that Court has not yet so declared in respect to the amended provisions. The contention is that the Court should have permitted plaintiff to attempt to confer jurisdiction by another method of process.

But the record presented on the appeal does not require this Court to speculate upon the question whether there are facts in this case by reason of which jurisdiction could possibly be obtained over the nonresident defendant insurance company. No motion or showing of facts was made in the District Court for leave to have alias summons issued and none was applied for or issued. The allegations of the petition that defendant "did maintain offices and agents and engage in the insurance business in Laclede County, Missouri," are merely general and abstract conclusions. If there is uncertainty of Missouri law on the question of the exclusiveness of Section 375.210, subd. 2, under the facts as they may appear, it should preferably be settled by Missouri courts, especially where as in this case the interpretation requested by defendant would require consideration of constitutional issues. The dismissal by the federal court caused no such prejudice to the plaintiff as to justify a reversal of the judgment entered. It was necessarily a dismissal without prejudice and left the plaintiff free to bring a new action in Missouri or elsewhere and to attempt to obtain jurisdiction over the insurance company by valid service of process.

The order appealed from is affirmed on the ground that the service of process on defendant was invalid and the court was therefore without jurisdiction.

Affirmed.