**Albert W. WASH and Mildred Wash, Appellants,**

v.

**WESTERN EMPIRE LIFE INSURANCE COMPANY, a Corporation, Appellee.**

**No. 16718.**

United States Court of Appeals Eighth Circuit.

Jan. 16, 1962.

James H. Ottman, Kansas City, Mo., for appellant, and Sebree, Shook, Hardy & Ottman, Kansas City, Mo., on the brief.

Henry G. Eager, Kansas City, Mo., for appellee, and George C. Stewart, Swanson, Midgley, Jones, Blackmar & Eager, Kansas City, Mo., and Morris Rutland, Denver, Colo., on the brief.

Before VOGEL, VAN OOSTERHOUT and BLACKMUN, Circuit Judges.

VOGEL, Circuit Judge.

This is an appeal from an order of the District Court quashing service of process and dismissing appellants' complaint without prejudice. The action was originally instituted by the appellants in the Circuit Court of Jackson County, Missouri, whereby they, as beneficiaries, sought recovery on a life insurance policy issued by the appellee to the appellants' son, Walter L. Wash. Diversity of citizenship and the requisite amount made for federal court jurisdiction and the case was removed to the United States District Court for the Western District of Missouri. Thereupon, appellee appeared specially and filed its motion to quash, claiming that it was an insurance corporation organized under the laws of Colorado; that it had never been licensed to transact business in the State of Missouri; that it had never authorized the Superintendent of Insurance of the State of Missouri to accept process on its behalf; that it had not been doing business in the State of Missouri, either in relation to the policy which was the subject matter of the action or in any other regard. Appellee further claimed that there was no statutory authority for service of process on appellee in the State of Missouri and that to hold valid the summons and pretended service herein would be to violate the Fourteenth Amendment to the Constitution of the United States in depriving the appellee of its property without due process and in denying appellee the equal protection of the laws.

In support of its motion, appellee established by certificate that it was not licensed in the State of Missouri. It further filed the application for insurance signed by the appellants' deceased son showing on the face thereof that it was dated at Denver, Colorado, on January 16, 1960, and witnessed by Thomas A. Neill, agent of the V. N. Jacobsen Agency (General Agent for appellee for "Denver, Colorado and Metropolitan Area"). Appellee also filed the affidavit of its secretary, stating that the insurance policy in question was solicited, sold and paid for within the State of Colorado, and that the appellee had not had or maintained agents of any kind or description in the State of Missouri and that no person had performed or had

been authorized to perform on behalf of the appellee any act or business in the State of Missouri.

To counteract the foregoing and in opposition to the motion to quash, the appellants filed three affidavits, one from a brother of the deceased, another from a sister of the deceased, and the third from the deceased's mother (one of appellants herein). Each affiant swore that they personally witnessed Thomas A. Neill, agent of the appellee,[1] solicit, sell and collect the initial premium payment for a life insurance policy issued by the appellee to Walter L. Wash, deceased, in Kansas City, Missouri, on January 16, 1960, and that Walter L. Wash signed the application for the policy at such time and place.

Appellee then filed a "Special Agent's Agreement" between Western Empire Life Insurance Company and Thomas A. Neill. This agreement purports to appoint Neill as a special agent of the appellee and assigns him a territory "which is not exclusive" but of "Denver, Colorado, and vicinity".

On September 29, 1960, the District Court filed the following order:

"Hearing on defendant's motion to quash service of process is hereby set for Friday, October 7, 1960, at 2:00 o'clock P. M. in chambers.

"The purpose of such hearing is to afford the parties an opportunity to demonstrate what knowledge, if any, defendant had, or might have had, of the potential authority the affidavits of plaintiffs assert that Thomas A. Neill exercised in their home, as agent representing the defendant.

"The affidavit of defendant's Secretary asserts that defendant had no knowledge that Neill solicited the application for the insurance in question or received premium payments therefor in the State of Missouri. It appears that such conduct on the part of Neill would be in contravention of his special agent's authority as established by defendant's Exhibit F.

"Therefore, knowledge on the part of the defendant that Neill did so act is the *sine qua non* of valid service of process as herein made on defendant. The facts established by plaintiffs' affidavits might be true and defendant not know that Neill solicited such insurance and received payment of premiums therefor in the State of Missouri in violation of his 'Special Agent's Agreement.'

"Because of implications gleaned from plaintiffs' affidavits, we afford plaintiffs an opportunity to demonstrate by evidence the above issue.

"If no such evidence is available to plaintiffs, the defendant's motion to quash service of process should be sustained. Such ruling is deferred at the present time.

"It Is So Ordered.

"/s/ Albert A. Ridge,
"Chief Judge.

"Dated at Kansas City, Missouri, this 29th day of September, 1960."

Subsequently the District Court filed the following order:

"Now on this 28th day of December, 1960, the defendant's motion to quash summons and service of process, again coming on for hearing, the plaintiffs having failed to present any additional evidence since the Court's memorandum order of September 29, 1960, further oral statements being made by counsel, and the Court being fully advised,

"Does Find and Determine that the defendant's said motion to quash summons and service should be Sustained and Allowed, and the purported summons and service of process herein should be, and hereby is, set aside and held for naught. The plaintiffs' complaint according-

---

1. For what it may be worth, Agent Neill's wife is a first cousin of Albert W. Wash, one of appellants herein.

ly should be and is dismissed without prejudice at the plaintiffs' costs and the Clerk is directed to enter judgment as of this date.

"/s/ Albert A. Ridge,
"Chief Judge."

The appeal herein is from such order. The question is whether or not a single isolated instance, such as described herein, done without the knowledge and acquiescence of the insurance company, subjects it to service of process so that an action commenced on the policy so issued could be brought within the jurisdiction of the courts of the State of Missouri.

Section 375.160, R.S.Mo. (1949) as amended, V.A.M.S., provides:

"Any insurance company, association, or other insurer not incorporated or authorized under the laws of this state, which shall do or cause to be done any of the following acts in this state, effected by mail or otherwise; the issuance or delivery of contracts of insurance to residents of this state or to corporations authorized to do business in this state, the solicitation of applications for such contracts of insurance, the collection of premiums, membership fees, assessments or other considerations for such contracts, or any other transaction of business, shall be deemed to have constituted and appointed the superintendent of insurance of the state of Missouri, and his successor or successors in office, to be its true and lawful attorney, upon whom may be served all lawful process in any action, suit, or proceeding instituted in any county in this state, by or on behalf of an insured or beneficiary arising out of any such contract of insurance, * * *."

Section 375.161 provides for the procedure in effecting such service. The procedure is not in issue here, there being no question raised as to the mechanics of service or proper notice.

Appellants assert their single contention as follows:

"The Trial Court Erred in Sustaining Defendant's Motion to Quash Service of Process for the Reason That Defendant's Knowledge of Its Agents' Acts Within the State of Missouri Is Not a Requisite to Jurisdictional Power of the State of Missouri."

On the basis of the showing made by the appellee in support of its motion to quash, the District Court found that the conduct of Neill in soliciting the policy and collecting the initial premium within Missouri was without knowledge on the part of the appellee. It withheld its final ruling thereon, however, from September 29, 1960, until December 28, 1960, to "afford plaintiffs an opportunity to demonstrate by evidence the above issue". No further evidence being adduced, the court made its final order on December 28, 1960. Certainly we cannot say that the finding of fact that the appellee had no knowledge of the conduct of Neill within the State of Missouri was clearly erroneous and therefore should be set aside. That finding, being supported by substantial evidence, is binding upon this court. See Transport Mfg. & Equip. Co. v. Fruehauf Trailer Co., 8 Cir., 1961, 295 F.2d 223. In construing § 375.160, R.S.Mo. (1949), the District Court held that:

"* * * knowledge on the part of the defendant that Neill did so act is the *sine qua non* of valid service of process as herein made on defendant."

It is that interpretation of the law of Missouri which is attacked on this appeal. The District Court was not attempting "* * * to pass upon the merits of the claim prior to the trial thereof", as claimed by the appellants. All the District Court did was interpret the substituted service statute, § 375.-160, as requiring knowledge on the part of an insurance company as to the performance of any of the acts set forth in the statute before the insurer could be held subject to the jurisdiction of the courts of the State of Missouri. The

**378**

quashing of service and dismissal herein are without prejudice. The merits of the appellants' claim against the appellee on the policy of insurance issued have not been determined. See Dodson v. Travelers Ins. Co., 8 Cir., 1959, 266 F.2d 52, 55.

 Neither party has been able to cite to the court any Missouri authority construing § 375.160 on the question of whether or not knowledge on the part of the company was a prerequisite to the applicability of the statute. Appellants argue that there is no requirement that there be a showing that the insurance company had knowledge of the actions of its agent. Among other cases, appellants rely on International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and McGee v. International Life Ins. Co., 1957, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223. We are, nevertheless, not concerned here with Missouri's "power" to subject appellee to its jurisdiction. Rather, we are primarily concerned with whether or not the legislature, in enacting the substituted service section, intended that knowledge on the part of the appellee be a prerequisite to valid service of process as was held by the trial court. A Missouri construction of that statute would be determinative of the preliminary question. As indicated, however, counsel on neither side have been able to find, nor has our search produced, any Missouri holding, with the possible exception of Grant v. North America Ben. Corp., 1928, 223 Mo.App. 104, 8 S.W.2d 1043. The court there was construing § 6320 R.S.Mo. 1919, which was the predecessor of § 375.280.[2] The court there held, at page 1045 of 8 S.W.2d:

"* * * We think the evidence in this case brings defendant fully within the provisions of this section. The application for the certificate was procured by Hansberger, the assessment money was collected by him, and he also delivered the policy, *all, apparently, with the active knowledge, consent, and authority of defendant*." (Emphasis supplied.)

By analogy it is argued here that the same court would hold "knowledge, consent, and authority" a prerequisite to the applicability of the present section. We think it a fair intendment of the statute that knowledge be necessary to its operation. The trial judge herein served for many years as a Missouri state judge. Thereafter he served for years as a United States District Judge in the Western District of Missouri. His long years of experience with the law of the State of Missouri lead us to believe that he has correctly interpreted the Missouri statute as it would be interpreted by the highest courts of the State of Missouri and as it is applicable to the present problem. At the very best, appellants present herein only a possibly doubtful question of state law. Where the trial judge has arrived at an acceptable conclusion with reference thereto, his conclusion will not be disturbed on appeal. Iowa Elec. Light & Power Co. v. City of Lyons, 8 Cir., 1959, 265 F.2d 273, 277; Textron, Inc. v. Homes Beautiful, Inc., 8 Cir., 1958, 261 F.2d 646, 651, and cases cited. The order dismissing the action without prejudice is affirmed.

2. "*375.280. Who deemed agent of unauthorized company*

"Any person or persons in this state who shall receipt for any money on account of or for any contract of insurance made by him or them for any insurance company or association not at the time authorized to do business in this state, or who shall receive or receipt for any money from other persons, to be transmitted to any such insurance company or association, either in or out of this state, for a policy or policies of insurance issued by such company or association, or for any renewal thereof, although the same may not be required by him or them as agents, or who shall make or cause to be made, directly or indirectly, any contract of insurance for such company or association, shall be deemed to all intents and purposes an agent of such company or association, and shall be subject to all the provisions and regulations and liable to all the penalties provided and fixed by this chapter."