Willie Boyd Robinson v. Commissioner.
Robinson v. Commissioner
Docket No. 3252-66.
United States Tax Court
T.C. Memo 1968-96; 1968 Tax Ct. Memo LEXIS 201; 27 T.C.M. (CCH) 437; T.C.M. (RIA) 68096; May 23, 1968. Filed Steve C. Horowitz, for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined deficiencies in income tax and additions to tax for the taxable years 1957 through 1962, as follows: *13
Additions to Tax
Taxable
Deficiency
Sec. 6653(b)
Sec. 6654
Year
In Tax
I.R.C. 1954
I.R.C. 1954
1957
$1,340.36
$ 670.18
$ 33.56
1958
1,776.83
888.42
45.78
1959
2,028.21
1,014.11
51.75
1960
1,770.25
885.13
43.52
1961
1,523.09
761.55
36.60
1962
718.40
359.20
14.64
*202 The respondent now concedes that the deficiencies in tax for the taxable years 1957, 1958, and 1959 are, respectively, $1,240.17, $1,688.92, and $1,739.14, and that the amounts of additions to tax under section 6654 for such years are, respectively, $30.76, $43.32, and $43.66. When the case was called for trial there was no appearance by or on behalf of the petitioner, and the respondent filed a motion to dismiss the case for failure to prosecute insofar as it relates to the income tax deficiencies and to the additions to tax under section 6654 of the Internal Revenue Code of 1954, and to enter decisions in the amounts 438 determined by him except as modified by the concessions referred to above. The respondent's motion to dismiss has been granted. The only issue remaining for decision is whether the petitioner is liable for additions to tax on account of fraud under section 6653(b) of the Code for each of the taxable years in question. This depends upon whether any part of any underpayment of tax for any particular year is due to fraud. In his answer the respondent pleaded affirmative matter in support of his determination of additions to tax *203 under section 6653(b). The petitioner failed to file a reply as provided for in Rule 15 of the Rules of Practice of this Court. Thereupon the respondent moved, pursuant to Rule 18(c)(1) of such rules, that such affirmative matter be deemed to be admitted. By order dated December 27, 1966, the respondent's motion was granted and it was ordered that such affirmative matter pleaded in the respondent's answer should be deemed admitted. In addition, at the trial the respondent adduced testimony and other evidence. Upon the basis of such evidence, and the affirmative allegations deemed to be admitted, we find the facts set forth hereinafter. Findings of Fact At the time of filing the petition the petitioner resided at Shallotte, North Carolina. He was married and lived with his wife, but had no children. During the taxable years 1957 to 1962, inclusive, the petitioner owned approximately 35 acres of farm land which was income-producing, operated an automobile repair business, purchased and sold automobiles and automobile parts, and purchased and sold real estate and other property. Petitioner failed to file a Federal income tax return, Form 1040, for each of the taxable years 1957 *204 to 1962, inclusive, and failed to pay any Federal income tax for those years. On November 4, 1963, revenue agent H. V. Martin, Jr., contacted the petitioner at his home for the purpose of investigating petitioner's income tax liabilities. During the interview the revenue agent asked the petitioner questions regarding his business. The petitioner told Martin it was none of his "damn" business and ordered him off his premises. As the agent prepared to go the petitioner snatched the agent's work papers out of his hands, tore them up, and threw them on the floor. The petitioner told the agent not to return or "someone would get hurt." Thereafter another internal revenue agent, Charles W. Barker, continued the investigation. Altogether, representatives of the Internal Revenue Service had 6 conversations with the petitioner and on each occasion asked him for his records, but he refused to supply them. The petitioner attended 4 conferences with the Internal Revenue Service over the period from April 20, 1964 to April 16, 1965, but failed to furnish any books and records as requested, refused to answer questions, and was entirely uncooperative. On January 8, 1968, representatives of the *205 respondent attempted to serve a subpoena duces tecum upon the petitioner but the petitioner refused to accept it. Since the respondent was refused access to any books or records of the petitioner, he computed the petitioner's income tax liability by the cash expenditures method, deriving the necessary information from third party sources. One activity of the petitioner was to purchase used cars from Belmore Motors at Bolivia, North Carolina, recondition them, and resell them. The revenue agent contacted Belmore Motors and examined sales invoices, contracts, and other records which reflected purchases of automobiles made by the petitioner and payments made therefor. The agent also found that the petitioner had purchased new cars for his personal use and payments made therefor were determined from the records of Belmore Motors. The agent also examined the petitioner's loan records, savings account records, and checking account records at Waccamaw Bank and Trust Company in Southport and Shallotte, North Carolina. He also examined the petitioner's loan records and savings account records at Southport Savings and Loan Association. He also examined the real property records at the Brunswick *206 County Courthouse at Southport, North Carolina, and thereby learned of real estate transactions which the petitioner had during the years in question. He then interviewed the persons who had purchased real estate from the petitioner. Shortlt after the Internal Revenue Service commenced its investigation of the petitioner, the petitioner employed a practicing accountant to prepare working papers to compute his income for the years in question. He gave the accountant certain records, including checks, invoices, contracts, 439 and bank statements. After some preliminary work the accountant told the petitioner that the records were incomplete and that it would be necessary to have the remainder of his records in order to correctly determine his income. The accountant told the petitioner that such records as were made available indicated that his income was far in excess of the amount which would require the filing of tax returns. The petitioner was uncooperative and the accountant refused to continue the work. The accountant furnished the revenue agent copies of the working papers, but not the above-mentioned records, which had been returned by the accountant to the petitioner. *207 During each of the taxable years in question the petitioner made substantial cash expenditures which greatly exceeded his nontaxable receipts from various sources; as of January 1, 1957, petitioner had no cash on hand to which any portion of the cash expenditures might be attributed; and in each of such years petitioner had a substantial amount of taxable income, and was liable for a substantial amount of tax, no portion of which was paid. Some part of the underpayment of tax for each of the taxable years 1957 through 1962 was due to fraud. Opinion The only issue remaining for decision is whether the petitioner is liable for additions to tax for fraud under section 6653(b) of the Internal Revenue Code of 1954. [1] The burden of proof is upon the respondent to prove fraud by clear and convincing evidence. See section 7454 of the Code; Bryan v. Commissioner, (C.A. 5) 209 F. 2d 822, affirming a Memorandum Opinion of this Court; and Frank Imburgia, 22 T.C. 1002. The addition to tax for fraud under section 6653(b) of the Code may be imposed where there has been a willful attempt to evade tax by means of a willful failure to file returns, *208 as well as by means of filing intentionally false returns, and such willful attempt to evade tax may be found from any conduct calculated to mislead or conceal. Fred N. Acker, 26 T.C. 107; Charles F. Bennett, 30 T.C. 114; Powell v. Granquist, (C.A. 9) 252 F. 2d 56; Cirillo v. Commissioner, (C.A. 3) 314 F. 2d 478, affirming on this issue a Memorandum Opinion of this Court [Dec. 24,920(M); and Stoltzfus v. United States, (E.D.Pa.) 264 F. Supp. 824. While willful failure to file does not in itself, and without more, establish liability for an addition to tax on account of fraud, such failure may properly be considered in connection with other facts in determining whether an underpayment of tax is due to fraud. Cirillo v. Commissioner, supra.
As pointed out in the Findings of Fact, the petitioner refused to submit his books and *209 records to the internal revenue agents, and as a consequence it was necessary for the respondent to reconstruct his income by reference to other sources. The method employed by the respondent was the cash expenditures method which has received judicial approval in many cases. See United States v. Johnson, 319 U.S. 503; United States v. Caserta, (C.A. 2) 199 F. 2d 905; Viles v. Commissioner, (C.A. 6) 233 F. 2d 376, affirming a Memorandum Opinion of this Court; and Olinger v. Commissioner, (C.A. 5) [56-2 USTC 9656] 234 F. 2d 823, Goldberg v. Commissioner, (C.A. 5) 239 F. 2d 316, and Hoffman v. Commissioner, (C.A. 3) 298 F. 2d 376, affirming a Memorandum a Memorandum Opinion of this Court. We are satisfied from the record that under the circumstances the respondent made a comprehensive and fair investigation and that his use of the cash expenditures method was not arbitrary or capricious. The respondent's affirmative allegations which are deemed to be admitted, and the other evidence adduced at the trial, establish all the elements in the respondent's computation of the petitioner's taxable income and tax *210 liability for each of the years in question. It has thus been shown that in each of such years the petitioner had a substantial amount of taxable income, and tax liability, which should have been reported by him. Furthermore, the evidence presented by the respondent is sufficient to meet his burden of establishing that some part of the underpayment in tax for each of the taxable years in question was due to fraud. It appears that the petitioner is a business man of considerable experience, and we think he must have known that 440 he had sufficient income to require the filing of returns. His willful failure to file returns over this period of 6 years and returns over this period of 6 years and report and pay tax on his income. coupled with his refusal to make available to the respondent his books and records, and his failure to appear and offer any explanation for his failure to file his returns, convince us that the petitioner intended to conceal his income and evade the tax with respect thereto. We have concluded and found as a fact that some part of the underpayment in tax for each of the years in question was due to fraud, and accordingly hold that the petitioner is liable *211 for additions to tax for each of the taxable years 1957 through 1962 under section 6653(b) of the Code. In reaching our conclusion we have not relied to any extent upon any presumption in favor of the correctness of the respondent's determination of deficiencies in tax. The respondent's determinations of deficiencies in tax and additions to tax under section 6654 of the Code are approved, except as modified hereinabove, and his determinations of additions to tax under section 6653(b) of the Code are approved, except for the taxable years 1957, 1958, and 1959. As to those years the additions to tax under section 6653(b) are, respectively, $620.08, $844.46, and $869.57. Decision will be entered in accordance with the foregoing. Footnotes
1. Section 6653 of the Code provides in part as follows: Fraud. - If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * *↩